## W. H. Snow v. D. L. Gallup.

Decided November 17, 1909.

**1.—Trespass to Try Title—Boundary—Mistake.**

The issue in a suit of trespass to try title being one of boundary, it was permissible for defendant to prove a mistake in the field notes of an adjacent tract of land and the true position of a line of said tract which was called for in his own deed and constituted one of his own boundaries.

**2.—Stale Demand.**

The doctrine of stale demand applies only to equitable relief.

**3.—Deed—Latent Ambiguity.**

When an actual survey is necessary to develop the fact that the field notes in a deed do not close, and that a call must be added in order to include the number of acres which the grantor intended to convey, the ambiguity is a latent one and may be corrected by parol evidence. 

**4.—Defense at Law—Stale Demand.**

Facts which can be proved in defense in an action at law without being specifically pleaded, can not, when pleaded, convert the defense into an equitable one which may be defeated by the doctrine of stale demand.

**5.—Deed—Unsold Balance.**

For the purpose of identifying the unsold balance or remainder of a large tract of land, evidence may be introduced of the tracts previously sold, and the party claiming such remainder, for the purpose of proving the true boundaries of such tracts, may introduce evidence correcting mistakes in the field notes of such tracts as contained in the deeds thereto, and this may be done under a plea of not guilty in trespass to try title, and without regard to the statutes of limitation or the doctrine of stale demand.

**6.—Deed—Designating Grantee.**

A deed which recites the payment of the consideration by a certain party, and covenants to defend the title against all claims to said party, his heirs and assigns, sufficiently designates the grantee in the deed.

**7.—Cases Reviewed.**

Thomas v. Tompkins, 47 Texas Civ. App., 592, overruled; Tompkins v. Thomas, 54 Texas Civ. App., 440, followed.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*Joe W. Thomas & W. A. Johnson*, for appellant.—A suit for a correction or reformation of a deed becomes a stale demand if sufficient time has been suffered to elapse since the discovery of the mistake; and it will be presumed that the parties had knowledge of a mistake in a deed from the date of its execution, unless some excuse or reason is pleaded, otherwise silence in the pleader admits of this presumption: That after a period of fifty years laches or stale demands bars correction of mistakes, unless some excuse is offered. Matthews v. Benevides, 18 Texas Civ. App., 475 (writ of error denied by the Supreme Court), and authorities cited in this case; Simpkins on Equity, pp. 438-441.

The plaintiff was not a party to the deed from Cherry to Worsham, nor was the defendant, nor are they alleged to have been, and the land attempted to be conveyed in that deed is no part of the land involved in this suit, therefore no allegations of mistakes, errors and intentions not disclosed by that deed, can be pleaded; for the instrument speaks for itself, and such would alter, vary and contradict the written instrument, and no intentions can be imputed to Cherry differently to the deed itself. Brokel v. McKechnie, 69 Texas, 33; Horan v. Long, 11 Texas, 233; Matlock v. Glover, 63 Texas, 235; Flores v. Smith, 66 Texas, 115; Faires v. Cockerell, 88 Texas, 431.

The defendant can not plead or prove any facts that would vary, alter or contradict the written instrument executed by Cherry to Farrier. The instrument itself must speak the intention of the parties; if the instrument be vague, ambiguous and uncertain, relief by suit against this plaintiff can not be had, and if on its face there appears a patent ambiguity, it should be declared void. Norris v. Hunt, 51 Texas, 615; Cammack v. Prather, 74 S. W., 354; Douthit v. Robinson, 55 Texas, 74; Pfeiffer v. Lindsay, 66 Texas, 125; Bassett v. Sherrod, 13 Texas Civ. App., 333; Myers v. Maverick, 27 S. W., 952; Curdy v. Stafford, 27 S. W., 824; Crumbley v. Busse, 11 Texas Civ. App., 323; Pierson v. Sanger, 51 S. W., 870; Stipe v. Shirley, 64 S. W., 1014.

If the uncertainty of the description in a deed be patent upon the face of the deed, the court should declare such deed void. If it be only a latent ambiguity, then the deed and the parol evidence explaining such uncertainty should be submitted to the jury; the identity of the land is a question for the jury, that is, the deed should go to the jury with explanatory parol evidence. Kingston v. Pickins, 46 Texas, 101; Ragsdale v. Robinson, 48 Texas, 396; Dwyre v. Speer, 8 Texas Civ. App., 92; Brown v. Chambers, 63 Texas, 136.

*Terry, Cavin & Mills,* for appellee.—The first amended original answer of appellee upon which he went to trial was not in any sense a suit for correction or reformation of a deed. There was no allegation of any mistake which was sought to be used as a ground for reformation of the deed. The answer merely alleged that by inadvertence one call in the deed from Cherry to Worsham had been omitted, but that the 400 acres sought to be conveyed thereby had been in fact marked out and designated on the ground, and the answer in substance was a pleading of extrinsic facts by which appellee sought to show that if it should be held that the description contained in the deed to Worsham was not sufficient upon its face, the tract of land sought to be conveyed thereby could nevertheless be in fact located. Consequently, the doctrine of stale demand or laches has no application in this case, and the court was correct in overruling appellant's special exceptions, numbered seven and nine. McKeon v. Roan, 20 Texas Ct. Rep., 317; Montgomery v. Carlton, 56 Texas, 433; Kingston v. Pickins, 46 Texas, 99; Rainbolt v. March, 52 Texas, 251; McWhirter v. Allen, 1 Texas Civ. App., 649; Thomas v. Tompkins, 47 Texas Civ. App., 592.

Even if it should be held that there was any error in the court's failing to sustain appellant's exceptions based upon stale demand or laches, such error would be immaterial in this case in view of the fact that the deed from Cherry to Worsham for the 400-acre tract shows proper description of the land conveyed thereby sufficient on its face to identify the same. Thompkins v. Thomas, 54 Texas Civ. App., 440; Mansel v. Castles, 93 Texas, 414.

"That is certain which can be made certain." It is perfectly competent to aid the description contained in a deed, such as that under consideration, by proof of extrinsic facts. The extrinsic facts were

shown by appellee when he introduced in evidence the deeds from Cherry to Dillon and from Cherry to Worsham. When the deed in question is considered with reference to such additional and extraneous evidence, its admissibility is manifest, and the court therefore did not err in overruling the objection of appellant to its admission. Pierson v. Sanger, 93 Texas, 162; Blackburn v. McDonald, 1 Posey, 355; Hinzie v. Robinson, 21 Texas Civ. App., 9; McKeon v. Roan, 20 Texas Ct. Rep., 317; Montgomery v. Carlton, 56 Texas, 433; Douthit v. Robinson, 55 Texas, 73; Rainbolt v. March, 52 Texas, 251; Gallup v. Flood, 46 Texas Civ. App., 644.

NEILL, Associate Justice.—"Appellant, plaintiff below, brought this suit in the nature of trespass to try title against appellee, defendant below, on November 1, A. D. 1907, for the recovery of 576 acres of land, a part of the Wm. Cherry headright survey in Tyler County, described by field notes set out in his pleadings. Appellee answered on July 28, 1908, by general demurrer, general denial, and plea of not guilty. And later, on August 14, 1908, filed his amended answer, which consists of a general demurrer, general denial, plea of not guilty, and specially pleaded his title, and certain deeds alleged to have been executed by Cherry conveying by him of certain lands described by metes and bounds, and further alleging misdescription by inadvertence on the part of Wm. Cherry, which deeds are of date 1854 and 1855. To which amended answer plaintiff filed his supplemental petition in answer, demurring generally and specially thereto. The court overruled plaintiff's general demurrer and special exceptions to defendant's amended answer. The cause was tried before a jury. The court peremptorily instructed the jury to find a verdict in favor of defendant. A verdict and judgment were rendered in accordance with the instruction in favor of defendant."

This statement of the nature and result of the suit, copied from appellant's brief, is accepted by appellee as correct, and adopted by us.

*Conclusions of Fact.*—The land in controversy and described in plaintiff's petition is part of a survey of 1476 acres patented to William Cherry on November 4, 1845. Ellen Cherry, the surviving wife of William, who died in 1864, inherited his estate. She died in 1895, leaving a will, which was duly probated, in which she bequeathed to W. H. Snow all the real and personal property of which she died seized and possessed. The plaintiff claims the property sued for under this will.

On or about the third day of November, 1849, the said Wm. Cherry executed and delivered to Wm. D. Dillon a certain deed conveying a tract of 500 acres of land out of said 1476 acres of land so patented to him, which said 500 acres of land is described in and by said deed as follows, to wit:

"Beginning at the northeast corner of said tract of 1476 acres of land, a beech 2 inches diameter marked 'R. C.,' from which a magnolia 24 inches diameter marked 'X,' bears N. 68 W. 11.1 vrs., and

a W. oak 24 inches diameter marked 'X,' bears S. 42 E. 5.4 vrs.; thence south, with the east line of said survey 1756 vrs.; thence west, 1608 vrs.; thence north, 1756 vrs to the north line of said grant of 1476 acres; thence east, with north line of said grant, 1608 vrs. to the place of beginning."

On the 28th day of August, 1854, said Wm. Cherry executed, duly acknowledged and delivered to A. B. Worsham a certain deed conveying the following described property out of the said 1476 acres of land patented to said Wm. Cherry, as aforesaid, to wit: "Beginning at the N. E. corner of a survey for Elizabeth Strong, a stake from which a pine 15 inches in diameter marked 'J. P.,' bears S. 72 W. 3 vrs. distant, also a pine, 15 inches diameter marked 'X' bears N. 62 degrees and 30 minutes E. 1 vr. distant; thence with the eastern boundary line of said survey 1000 vrs. to a corner of said Cherry survey, a stake from which a W. oak 14 inches diameter marked 'A. N.,' bears N. 55 degrees and 50 minutes E. 7 vrs. distant, also a pine 12 inches diameter marked 'X,' bears N. 67 W. 7.6 vrs. distant; thence east with said Cherry south boundary line, 1217 vrs. to the S. E. corner of said Cherry survey, a stake from which red oak 5 inches diameter marked 'A. B.,' bears N. 89 W. 12.8 vrs. distant; also a W. oak, 3 inches diameter marked 'X,' bears S. 72 degrees and 15 minutes N. 11 vrs. distant; thence north along said Cherry's eastern boundary line 1456 vrs. to the S. E. corner of A. B. Hardin survey. Thence west and south far enough to include 400 acres of land."

On the 11th day of June, 1855, said Wm. Cherry executed, duly acknowledged and delivered to H. M. Farrier a certain deed conveying property thereby, which is described in said deed as follows: "A certain parcel or tract of land, being and situated in Tyler County, situated on Cypress Creek, a branch of Village Creek, being a part of the said Cherry headright, beginning at the boundary of A. B. Worsham, and joining survey of Ann Fisher and Elizabeth Strong, all the remainder, say 576 acres, grant No. 390, vol. 4, recorded in Tyler County, page 284 and 285, 25th day of October, 1850."

In the description in the deed from Cherry to A. B. Worsham, it will be observed that the field notes do not close, because the last call, necessary to enclose the area of the 400 acres intended to be conveyed, is omitted. It was the evident intention of the grantor that the line running west from the northeast corner of the 400 acres described should be extended to the west to a point from which a line running south to the south line of the Cherry survey and thence east with said south line of said survey to the place of beginning in the Worsham deed, so as to make the area embraced in the description in said deed amount to 400 acres, and that the lines of said 400-acre tract should run from the northeast corner of the same to the west and thence to the south to the south line of the original survey, and thence east to the beginning in such a manner as to embrace 400 acres, but by inadvertence, as appears from the face of the deed, the grantor omitted to give the last call in the field notes. It also appears from the evidence that this 400-acre tract was actually

surveyed and the lines marked and designated as above described at or about the time the deed was made by Cherry to Worsham. In view of these indisputable facts, it indubitably appears that the land in controversy is the 576 acres conveyed by William Cherry to H. M. Farrier. The uncontroverted evidence conclusively shows that the defendant, D. L. Gallup, owns and holds, through mesne conveyances, all the title that passed to H. M. Farrier by virtue of the above-mentioned deed from Cherry to him. In other words, the defendant owns the land in controversy.

*Conclusions of Law.*—1. Assignments Nos. 1 and 2, as presented in appellant's brief, are as follows:

1st. "The court erred to the prejudice of the plaintiff in over-ruling his special exception or demurrer number seven, which is as follows, to wit: 'For further special exception to defendant's amended answer plaintiff says that same is insufficient in law and equity, because they fail to show that they have no complete and adequate remedy at law; that they seek to correct and reform deeds, which are remedies in equity, without showing wherein their remedy at law is inadequate and insufficient, and that it fails to show why such correction and reformation have not been made before this time; they allege that such errors were made in the years 1854 and 1855, and plaintiff says that after this long lapse of time, for over fifty years, the defendant could not be permitted to further pursue such remedies as it seeks herein to do after such lapse of time without showing any excuse or reason for such delay."

2d. "The court erred to the prejudice of the plaintiff in over-ruling his special exception or demurrer number nine."

They are grouped and under them is presented this proposition:

"A suit for correction or reformation of a deed becomes a stale demand if sufficient time has been suffered to elapse since the discovery of the mistake; and it will be presumed that the parties had knowledge of a mistake in a deed from the date of its execution unless some excuse or reason is pleaded; otherwise, silence in the pleader admits of this presumption: That after a period of fifty years laches or stale demand bars correction of mistakes, unless some excuse is offered."

Special exception number seven is as copied in the first assignment, and number nine is: "For further special exception to defendant's answer, plaintiff says defendant's amended answer is insufficient in law, wherein he pleads specially a deed from Cherry to Dillon, deed from Cherry to Worsham, and a deed from Cherry to Farrier, and alleges in his said two last deeds by inadvertence, omission and error that they fail to convey the land that defendant alleges was the intention to be conveyed, because all said deeds are foreign to this plaintiff's title to land he has sued for, and because whatever the intentions might have been can not be engrafted into said deeds to Farrier and Worsham by parol evidence, and the deeds as pleaded by defendant failing to state that which defendant alleges the grantor intended to state is improper to be pleaded against plaintiff, because

the intentions of Wm. Cherry, the grantor, as stated in the deeds can not be altered and changed, and if such instruments are unintelligible and uncertain and grossly .ambiguous and the parties to said instrument failed to make a contract or sale, the court can not now make a contract or sale for them, and after a lapse of more· than fifty years matters of intention of the grantor, or the matters of mistakes and errors can not be gone into, more especially without those who seek to make correction state reasons for not using diligence within a reasonable time after such errors were made."

In his answer the defendant specially pleaded his title to the land, and, in order to identify it from the description contained in the deed from Cherry to Farrier, pleaded the omission of the call in the grantor's deed to Worsham, and the actual boundaries of the land intended to be conveyed by it, as it is shown from our conclusions of fact.

From these assignments it is evident that the plaintiff has mistaken the office and purpose of the allegations in the answer to which the exceptions are directed. No equitable relief is sought or prayed for, in the absence of which the doctrine of stale demand can not be invoked. The evident purpose of the allegations was to prove the real boundary lines, as actually run on the ground, of the land intended to be conveyed by Cherry to Worsham (and which was in fact granted, as will be shown in considering another assignment) so as to show the "boundary of A. B. Worsham" at which, according to the description in the deed of Cherry to Farrier, the land conveyed to the latter began, and thus identify the land in controversy as the property of the defendant. There is no patent ambiguity in the description of the land contained in the deed to Worsham; but if there is any ambiguity at all it is latent and such as can be rendered certain by parol or extrinsic evidence. It was not essential to the introduction of such evidence that the matters to which the exceptions were interposed should have been pleaded at all. For such evidence would have been admissible for the purpose of identifying the land conveyed to Farrier under a plea of "not guilty." (McKeon v. Roan, 106 S. W., 404.) We apprehend that it was only pleaded for the purpose of meeting the views of the court expressed in Thomas v. Tompkins (47 Texas Civ. App., 592), which have since been receded from (54 Texas Civ. App., 440), and the principle enunciated in McKeon v. Roan, *supra,* adhered to. Hence, facts which can be proved in an action at law without being specifically pleaded can not when pleaded convert the defense into an equitable one which may be defeated by the doctrine of stale demand, as can an equitable action to reform a deed.

2. Inasmuch as a special demurrer includes a general demurrer, what we have said in disposing of the preceding assignments requires us to likewise overrule the third, which complains that the court erred in overruling plaintiff's general demurrer to defendant's answer.

3. The fourth assignment of error is: "The court erred to the prejudice of the plaintiff in overruling his special exception or demurrer number three, which is as follows: '3d. For further special

exception, plaintiff says that part of defendant's first amended orig-
inal answer wherein he alleges that on the 28th day of August, 1854,
Wm. Cherry executed and delivered to A. B. Worsham a deed con-
veying a certain tract of land (following with the description on
page two of their said pleadings and following said description with
the allegations that the description in said deed was inadvertently
omitted, that is, that one call in the field notes of said land, the
last call), and that Wm. Cherry, the grantor in said deed, intended
that the line running west from the northeast corner should be ex-
tended to the west to a point from which a line should be run south
to south line of said Cherry survey, and thence east with said south
line of said Cherry survey to place of beginning, but by inadvertence
Cherry omitted to give the last call in said field notes and failed to
show that it was his intention to have the last call of said field
notes run east, and he alleges that 400 acres was marked out and
designated; is insufficient in law, because the said deed to Worsham
and the land attempted to be described therein is no part of the
land involved in this suit; that neither the plaintiff nor defendant
herein are concerned in or affected by said deed; that the description
set out is insufficient and does not describe any land whatever, and
whatever may have been the intention of Cherry and Worsham would
not and can not affect plaintiff and defendant herein because said
400 acres is no part of the land involved in this suit, and because
the plaintiff and defendant were not parties to such contract or said
deed between Cherry and Worsham, nor are they privies to such
contract, therefore the intention of Cherry and Worsham can not
affect the parties to this suit, nor can any error, mistake or thing
done inadvertently by and between Cherry and Worsham be pleaded
or proved by the defendant in this suit; nor can any intention be
pleaded, proved or imputed to said Cherry and Worsham differently
to the deed itself, because such would vary, contradict and alter the
terms of a written instrument which could not be done in any event,
and more especially so if such is purposed to affect a stranger to
such instrument, and the plea that said 400 acres was marked out
and designated does not and should not affect these parties because
said plea does not allege that the land marked out and designated
was the land sold, and could not be done unless said written instru-
ment so stated itself.' "

It is followed by this proposition: "The plaintiff was not a
party to the deed from Cherry to Worsham, nor was the defendant,
nor are they alleged to have been, and the land attempted to be
conveyed in that deed is no part of the land involved in this suit,
therefore no allegations of mistakes, errors and intentions not dis-
closed by that deed, can be pleaded, for the instrument speaks for
itself, and such would alter, vary and contradict the written instru-
ment; and no intentions can be imputed to Cherry differently to the
deed itself."

The principle enunciated by the proposition has no application at
all to a case of this kind, as is apparent from the pleadings of the
parties and from what has been said by us in passing upon the pre-
ceding assignments.  Anyway, in view of the fact that the deed

from Cherry to Worsham was sufficient upon its face to identify the land sought to be conveyed thereby (Tompkins v. Thomas, 54 Texas Civ. App., 440; Poitevent v. Scarborough, 117 S. W., 443; Mansel v. Castles, 93 Texas, 414), the ruling of the court on the third special exception is wholly immaterial to any issue involved in this appeal.

4. The fifth assignment is: "The court erred to the prejudice of the plaintiff in overruling his special exception or demurrer number four, which is as follows: 'For further special exception to defendant's first amended original answer, plaintiff says the same is insufficient in law wherein he alleges that on the 11th day of June, 1855, Wm. Cherry executed, acknowledged and delivered to H. M. Farrier a deed conveying certain property, setting out the description on page three of their pleadings, and says that it was the intention of said Cherry to convey to Farrier his entire interest of Wm. Cherry survey that he owned on said date of the execution of the deed to Farrier and alleged that said 576 acres was marked out and designated on the ground, because said instrument of date June 11, 1855, so pleaded by defendant as shown by the description set out in defendant's pleadings, does not describe any land whatever, said description being insufficient and void, and the fact that if the land was designated and marked out on the ground said deed does not designate any land whatever, and a tract of land on the Wm. Cherry survey being marked out would not aid said instrument; that whatever may have been the intention of Cherry and Farrier the said written instrument is supposed to speak such intention, and if said instrument is vague, uncertain and unintelligible the defendant can not assume that their intentions were as pleaded by them unless such facts appear on the face of the instrument sufficiently to show that such was in fact the intention of the parties.' "

Under it this proposition is advanced: "The defendant can not plead or prove any facts that would vary, alter or contradict the written instrument executed by Cherry to Farrier. The instrument itself must speak the intention of the parties; if the instrument be vague, ambiguous and uncertain, relief by suit against this plaintiff can not be had, and if on its face there appears a patent ambiguity, it should be declared void."

It was not sought by defendant to alter or vary the deed from Cherry to Farrier, but to identify the land which it conveyed. If there was any ambiguity in its description, as before held, it was latent, which rendered parol extrinsic evidence admissible to relieve the description in the deed of such ambiguity by identifying the land conveyed by the instrument. The validity or invalidity of the deed to Worsham has nothing in the world to do with the question. The description it contained was its only pertinency; and it was pertinent only for the purpose of identifying the land conveyed to Farrier. Suppose the omitted call had been contained in the Worsham deed and some other omitted, it could not then be said the line called for could not be taken and considered in connection with the Farrier deed to identify the land it conveyed. Though such line was inadvertently omitted, it is apparent from the deed, in con-

nection with extrinsic evidence, where it was. Why, then, in view of the maxim, *id certum est, quod certum reddi potest,* can it not be shown where the line intended, omitted from the call, actually was? Justice answers that its ends require that it should be. And no just reason can be perceived why it should not be taken for that purpose.

5. The sixth assignment of error is: "The court erred to the prejudice of the plaintiff in overruling his special exception or demurrer number five, which reads as follows: 'For special exception to defendant's amended answer plaintiff says the same is insufficient in law and equity because it fails to allege that the errors and mistakes made by Wm. Cherry in executing deeds to Worsham and Farrier were mutual mistakes made by all parties to such transactions; it fails to show that this plaintiff was a party to such transactions; it fails to negative the fact that Worsham and Farrier or defendant himself were negligent or that they did not contribute to such errors and mistakes.'"

If this were an equitable action brought by someone claiming under the Worsham deed against another claiming through or under his grantor to correct the mistake in the deed, we could, were not the mutuality of such mistake apparent, perceive some force in an exception to a bill asking such relief that it did not aver that the mistake was mutual by the parties to the instrument; but, in a suit like this, the force of such an objection to an answer which incidentally avers such mistake of omission for the purpose of identifying another tract of land, the deed to which calls for the line omitted by mistake of the grantor in another deed to an adjoining tract, can not be seen at all. It was not necessary that plaintiff should have been a party to the transaction in which the mistake occurred; nor was it essential that either Worsham, Farrier or the defendant should be free from negligence causing or contributing to the mistake, so far as it affects this case. Negligence *vel non* of any or all of the parties mentioned is utterly foreign to the purpose for which such mistake was pleaded by the defendant. But since, as we have held, the location of the line omitted from the deed could be shown without pleading the mistake, the matters involved in this assignment are purely academic and may be thrown to the winds to be toyed with as entirely worthless.

6. The seventh assignment of error is as follows: "The court erred to the prejudice of the plaintiff in overruling his special exception or demurrer number six, which reads as follows: 'For further special exception plaintiff says that defendant's amended petition is insufficient because it fails to show how, in what way, the manner or by whose fault the errors were made or caused to be made, or why or the reason that the intention was not expressed in said deeds from Cherry to Worsham and Farrier, or whose fault such errors are attributable to.'" "How, in what way, the manner, or by whose fault the errors were made or caused to be made, or why or the reason that the intention was not expressed in the deeds from Cherry to Worsham and Farrier, or to whose fault such errors are attributable," are matters utterly foreign to the object for which

the mistake in omitting the call in the Worsham deed was pleaded in defendant's answer, and, even had it been necessary to plead such mistake, the "how," "what way," "the manner," etc., should have found no place in defendant's answer.

7. What we have said in considering the first two assignments of error demonstrates that the seventh assignment, which complains of the court's overruling the exception to defendant's answer, which was to the effect that it appeared from the face thereof that four years had elapsed since the dates of the deeds from Cherry to Worsham, and of the former to Farrier, and that therefore it was apparent that defendant's action was barred by the four years statute of limitation, is not well taken. The defendant had not pleaded any cause of action, nor did he ask any affirmative relief. His pleadings were defensive only. By reason of an erroneous ruling upon a matter of law in another case he pleaded certain evidence upon which he based his defense, which evidence it was unnecessary for him to plead specifically, because it could have been introduced under his plea of not guilty. This is the long and short of it. We know of no rule of limitation that bars one from defending against a legal action brought by another against him; nor that bars him from introducing competent evidence that goes to establish his defense pleaded.

8. The ninth assignment complains of the court's allowing the defendant to introduce in evidence the deed hereinbefore mentioned from William Cherry to A. B. Worsham. The objection being that the deed is void on account of insufficient description in that it fails to describe any land whatever. The validity of the same deed was attacked upon the same ground in the case of Tompkins v. Thomas, 54 Texas Civ. App., 440, in which its validity was sustained, it being adjudged sufficient in its description to identify the four hundred acres intended to be conveyed by it. This being true, inasmuch as all the remainder of the 1476-acre tract patented to Cherry was conveyed by the deed to Farrier, it was necessary to prove such remainder by showing what land of the original survey had been conveyed when the Farrier deed was made. As Cherry prior to that time had only made two deeds, the one for 500 acres to Dillon and the other for 400 acres to Worsham, there remained 567 acres of the original grant, which was conveyed to Farrier on June 11, 1855. The location of this remainder could be identified by locating the tracts of land conveyed by the other two deeds, for whatever land of the original survey not included in such deeds, remained, was conveyed by Cherry to Farrier. Even if it should be held that the description contained in the Worsham deed was not sufficient on its face, it was clearly admissible in evidence when taken in connection with the extraneous facts pleaded and proved by the defendant. (McKeon v. Roan, *supra;* Montgomery v. Carlton, 56 Texas, 433; Kingston v. Pickins, 46 Texas, 99; Rainbolt v. March, 52 Texas, 251; McWhirter v. Allen, 1 Texas Civ. App., 649; Thomas v. Tompkins, 47 Texas Civ. App., 592; McCollum v. Buckner, 54 Texas Civ. App., 348.)

9. It is urged by the tenth assignment that the deed claimed by defendant to be from Cherry to Farrier, under which defendant

claims, is void because it does not name the grantee. The instrument referred to is as follows: "The State of Texas, County of Liberty. Know all men by these presents, That I, Wm. Cherry, of aforesaid county and State, for and in consideration of $600 to me in hand paid, the receipt whereof is hereby acknowledged, by H. M. Farrier, of aforesaid State and county, do by these presents bargain, sell and guarantee the title of a certain parcel or tract of land being and situate in Tyler County, situated on Cypress Creek, a branch of Village Creek, being a part of said Cherry headright, beginning at the boundary of A. B. Worsham and adjoining surveys of Ann Fisher and Elizabeth Strong, all the remainder, say 576 acres, grant No. 390, vol. 4, recorded in Tyler County, pages 284 and 285, 25th October, 1850, the title of the above described lands I hereby guarantee and forever defend against all claims whomsoever to the said H. M. Farrier, his heirs and assigns forever. Given under my hand and scroll for seal this 11th day of June, 1855. Wm. Cherry." Though the instrument is not artistically drawn, we think it sufficiently appears from its face that H. M. Farrier is named in it as the grantee. See Vineyard v. O'Connor, 90 Texas, 63.

10. The eleventh assignment is directed against the peremptory charge of the court. There was no error in instructing the jury to find for the defendant. For under the undisputed evidence no other verdict could have been rightly found, nor charge properly given.

11. Plaintiff's motion for a new trial was properly overruled.

12. The admission of the evidence complained of by the thirteenth and fourteenth assignments of error was properly admitted for the purpose of identifying the land conveyed by Cherry to Farrier.

There is no error in the judgment and it is affirmed.

*Affirmed.*