Gambrell **BAILEY** et al., Appellants,

v.

Leonard **MULLENS**, Executor of the Estate of Ruby Jane Bailey et al., Appellees.

No. 13323.

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1958.

Rehearing Denied April 30, 1958.

Alsup & Alsup, Corpus Christi, for appellant.

Wm. Brode Mobley, Jr., Corpus Christi, for appellee.

BARROW, Justice.

This suit was brought by appellees, Leonard Mullens, Executor of the Estate of Ruby Jane Bates Bailey, and the Ayers Street Church of Christ, Devisee of the Estate of Ruby Jane Bates Bailey, against appellants, Gambrell Bailey, Tressie Bell Jacobs, formerly Tressie Bell Bailey, and Dorsey Jacobs. It was a trespass to try title suit to recover the title and possession of Lot No. 3, Block No. 4, Bay View No. 3, as addition to the City of Corpus Christi, Nueces County, Texas. The trial was to the court without a jury, and the court rendered judgment in favor of appellees. This appeal is from that judgment.

The parties have stipulated the following facts:

S. C. Bailey and wife, Ruby Jane Bates Bailey, husband and wife, had no children of said marriage. Appellant Gambrell Bailey is the son of S. C. Bailey by a former marriage.

On November 5, 1941, during the marriage between S. C. Bailey and Ruby Jane Bates Bailey, she acquired as her separate property and estate, Lot No. 3, Block No. 4, Bay View No. 3, an addition to the City of Corpus Christi, Nueces County, Texas. Thereafter, on February 20, 1943, Ruby Jane Bates Bailey and S. C. Bailey executed and acknowledged the instrument in question in this case and delivered it to Gambrell Bailey and Tressie Bell Bailey, who thereafter caused said instrument to be duly filed and recorded in the Deed Records of Nueces County, Texas.

During the lifetime of Ruby Jane Bailey and S. C. Bailey and subsequent to the date of said instrument, Gambrell Bailey improved and did carpenter work upon the premises and added a room to the property; built a kitchen cabinet; recanvased and re-papered said house; and painted the property described in said instrument.

On February 7, 1957, Ruby Jane Bates Bailey made her last will and testament, designating the appellee Ayers Street Church of Christ sole devisee thereunder, and giving to said Church Lot No. 3, Block No. 4, Bayview No. 3, an addition to the City of Corpus Christi, Nueces County, Texas, in fee simple, as well as all her other estate, real, personal or mixed.

Ruby Jane Bates Bailey died in Corpus Christi, Texas, on February 15, 1957. She had not re-married after the death of S. C. Bailey, some thirteen years before. On February 19, 1957, her will was filed for probate and subsequently appellee Leonard Mullens was appointed executor of the estate of Ruby Jane Bates Bailey, by the Probate Court.

The appellee Ayers Street Church of Christ, from June 1, 1954, until February 1, 1957, contributed the sum of $2,177.95, for the support and maintenance of the said Ruby Jane Bates Bailey, and for her medical expenses and numerous bills. Prior to her death, Ruby Jane Bailey made said Church the beneficiary under her life insurance policy.

The parties have presented numerous points and counterpoints, but the decision of the entire case rests on the construction of the following instrument:

"A Deed of Trust to be executed after our death, and not to be recorded until S. C. Bailey and Ruby Jane Bailey his wife have passed to the great beyond.

"The State of Texas,⎱ Known All Men By
"County of Nueces.⎰ These Presents:

"That I, S. C. Bailey and Ruby Jane Bailey, his wife do sell a certain lot located in the town of Corpus Christi, Texas, house and furniture Lot No. 3 situated in Block 4, Bay View No. (3) for the consideration of $2,500 to be paid in monthly payments without interest.

of the County of State of

for and in consideration of the sum of $25 in cash and nine promissory notes —Eight for $300 each and one for $100. No interest is charged, as we are to occupy and control the property as long as we live.

"After death Gambrell Bailey and wife are to charge of the property to paid, and secured to be paid, by take Furniture, clothing, monies, and papers,—Everything in their possession at death, as follows:

"Gambrell Bailey and Tressie Bell Bailey his wife agrees to pay all taxes and insurance and up keep of the place and all insurance is to be taken out in S. C. Bailey name. have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey, unto the said of the County of State of all that certain

"To Have And To Hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said S. C. Bailey and wife Ruby Jane Bailey heirs and assigns forever; and

we do hereby bind our heirs, executors and administrators, to Warrant and Forever Defendant, all and singular, the said premises unto the said Gambrell Bailey and wife, Tressie bell Bailey heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under them, but not otherwise

"But it is expressly agreed and stipulated that the Vendor's Lien is retained against the above described property, premises and improvements, until the above described note agreement Eight notes $300 each and one $100 are fully paid according to face and tenor, effect and reading, when this deed shall become absolute.

"Witness hand at this day of A.D.19

"Witnesses at Request ————— of Grantor:

"The State of Texas,⎱
County of Nueces.⎰ Before Me, Inez Beatty, a Notary Public, in and for Nueces County, Texas, on this day personally appeared S. C. Bailey known to me to be the person whose name subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given Under My Hand And Seal Of Office this 22nd day of February, A.D. 1943.

"Notary Seal /s/ Inez Beatty, Notary Public in and for Nueces County, Texas.

"The State of Texas,⎱
"County of Nueces.⎰ Before Me, Inez Beatty, a Notary Public, in and for Nueces County, Texas, on this day personally appeared S. C. Bailey and Ruby Jane Bailey, his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me

that they executed the same for the purposes and consideration therein expressed, and the said Ruby Jane Bailey, wife of the said S. C. Bailey having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Ruby Jane Bailey acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

"Given Under My Hand And Seal Of Office this 22nd day of February, A.D. 1943.

"/s/ S. C. Bailey
"/s/ Ruby Jane Bailey

"Notary Seal

"Inez Beatty
Notary Public in and for
Nueces County, Texas."

The appellants contend that the instrument is a deed which conveys the property to them. The appellees contend that the instrument is a nullity and conveys no title, for various reasons. We agree with appellants' contention.

Article 1292, Vernon's Ann.Civ.Stats., prescribes the substance and usual form of deeds of conveyance, and Article 1293 provides:

"No person shall be obliged to insert the covenant of warranty, or be restrained from inserting any clause or clauses in conveyances hereafter to be made, that may be deemed proper and advisable by the purchaser and seller; and other forms not contravening the laws of the land shall not be invalidated."

There are various rules of construction which we think are pertinent here:

The cardinal rule for the construction of deeds is that the intention of the parties is to be ascertained, and, if not forbidden by law, effectuated, . . . as gathered from the entire instrument, together with the surrounding circumstances unless such intention is in conflict with some unbending canon of construction or settled rule of property, or is repugnant to the terms of the grant. 14 Tex.Jur. § 132, pp. 910–912.

Since the language of a deed is that of the grantor, if there is any doubt as to its construction it should be resolved against him and in favor of the grantee. 14 Tex.Jur. § 138, p. 916; Humble Oil & Refining Co. v. Harrison, 146 Tex. 216, 205 S.W.2d 355.

A sound rule of construction requires an interpretation under which the deed will be valid and operative in preference to one which will nullify it. 14 Tex. Jur. § 137, p. 915; Vineyard v. O'Connor, 90 Tex. 59, 36 S.W. 424; Rhoden v. Bergman, Tex.Civ.App., 75 S.W.2d 993.

The law does not favor forfeitures and, therefore, a construction of a deed will be adopted if possible to avoid a forfeiture. Texas Electric Ry. Co. v. Neale, 151 Tex. 526, 252 S.W.2d 451; Knight v. Chicago Corp., Tex.Civ.App., 183 S.W.2d 666, affirmed, 144 Tex. 98, 188 S.W.2d 564.

A conveyance may be evidenced even though the name of the grantee is mentioned only in the habendum clause or in the covenant of warranty. Vineyard v. O'Connor, 90 Tex. 59, 36 S.W. 424; Snow v. Gallup, 57 Tex.Civ.App. 572, 123 S.W. 222.

In order to ascertain the intention of the parties all of the provisions of the deed in controversy are considered, and every part of the deed is given effect where this can be done. The intention is not gotten from an isolated clause or paragraph, but gathered from a fair construction of the entire instrument. Each clause or paragraph must be construed with reference to every other paragraph, and the effect of one paragraph upon the other determined. 14-B Tex.Jur. § 135, pp. 584–5.

The strictness of the ancient rule as to repugnancy in deeds is now much relaxed, and the saner method is adopted of permitting all parts of the instrument to stand where possible and to gather the intention of the parties from the whole instrument. 14-B Tex.Jur. § 136, pp. 586–7. A repugnant clause in a deed may be ignored where its effect would destroy the deed, Hopkins v. Walters, Tex.Civ.App., 224 S.W. 516, and this is true even though it involves rejecting the entire habendum clause. Grogan v. Brownwood, Tex.Civ. App., 214 S.W. 532; Jung v. Peterman, Tex.Civ.App., 194 S.W. 202; Arden v. Boone, Tex.Com.App., 221 S.W. 265. If there is ambiguity in a deed in that it is susceptible of two constructions, the one will be adopted that is most favorable to the grantee. 14-B Tex.Jur. § 133, pp. 580–1.

With these canons of construction in mind, we have examined the instrument in question and have concluded that it is a deed and conveys the title to the property to appellants. The original instrument is before this Court and is written on the ordinary form of special warranty deed, with the scrivener typing most of the instrument and disregarding at least a part of the printed form. It recites that the grantors do sell the property; that the consideration is paid and to be paid by appellants; and it details how and when appellants are to take the property. The appellants are the persons to whom the title is warranted and the instrument was delivered to and filed for record by appellants. Appellants paid part of the consideration and made certain repairs and improvements as provided in the instrument. The instrument was signed and acknowledged by the grantors.

We are not unmindful of the language at the top of the instrument. We regard that language as no part of the instrument, but it may be considered with other evidence bearing on the intention of the parties. An instrument is that which its language shows it to be, without regard to what it is labeled.

We have also noted that the names of the grantors and not the names of the grantees are inserted in the habendum clause, but this is repugnant to the entire import of the instrument and must be rejected.

In Vineyard v. O'Connor, supra, the Court had under consideration an instrument very similar to the one here involved. The name of the grantee was named for the first time in the warranty clause. The deed was ambiguous in several respects. The Court of Civil Appeals, 35 S.W. 1084, held the instrument void for failure to name the grantee. The Supreme Court, 90 Tex. 59, 36 S.W. 424, reversed the decision and held that the instrument was a valid deed and conveyed the property to the grantee named in the warranty clause.

The appellees rely strongly on the case of Roeser & Pendleton v. Stanolind Oil & Gas Co., Tex.Civ.App., 138 S.W.2d 250. We do not regard this case as in point. In this case an assignment and conveyance of an oil and gas lease was delivered with the grantee left blank throughout the instrument, with the understanding that the name of the grantee should be inserted later. The Court held that the instrument did not operate as a conveyance of the legal title until the authority to insert the name of the grantee therein was exercised.

Appellees also contend that the instrument was not signed by the grantors because they signed it below the acknowledgment. They argue that the acknowledgment is no part of the deed. We overrule that contention. Newton v. Emerson, 66 Tex. 142, 18 S.W. 348.

Having concluded that the instrument in question is a valid deed and conveyed fee simple title to the property to appellants, it follows that the judgment of the trial court must be reversed and here rendered in favor of appellants.

Reversed and rendered.

POPE, J., did not participate in the decision of this case.

On Motion for Rehearing.

BARROW, Justice.

Our opinion in this cause handed down on April 2, 1958, is supplemented by adding, in the last paragraph, the words "subject to the vendor's lien," immediately following the words, "property to appellants." Otherwise appellees' motion for rehearing is overruled.