Leonard MULLENS, Executor of Estate of Ruby Jane Bates Bailey, Deceased, Appellant,

v.

Gambrell BAILEY et al., Appellees.

No. 16.

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 9, 1964.

Wm. Brode Mobley, Jr., Corpus Christi, for appellant.

Joe J. Alsup, of Alsup & Alsup, Corpus Christi, for appellees.

GREEN, Chief Justice.

Appellant filed suit on August 5, 1960, against appellees Gambrell Bailey, Tressie Bell Jacobs, and her present husband Dorsey Jacobs, seeking a money judgment for $1,750.00 and foreclosure of certain vendors lien notes executed February 20, 1943, by appellees Gambrell Bailey and his then wife, now Tressie Bell Jacobs. Appellee Bailey filed a motion for summary judgment alleging that as a matter of law appellant's cause of action was barred by the four years statute of limitation, Article 5520, Article 5527, Vernon's Ann. Texas St. The motion was granted and judgment was rendered by the trial court favorable to all of the appellees. Appellant excepted and gave notice of appeal. We affirm the judgment.

On the trial before the court, appellant and appellee Bailey stipulated on the facts to be considered by the court in rendering judgment, which stipulation was introduced as a part of the record by agreement of all parties. Since it is short, we copy it herewith as follows:

### "STIPULATIONS

"It is agreed by and between the Plaintiff, Leonard Mullens, Executor of the Estate of Ruby Jane Bailey, and the Defendants, that the following are the undisputed facts in the above entitled and numbered cause and may be considered as the statement of facts, upon which judgment may be rendered in this cause:

I.

"That on February 20, 1943, S. C. Bailey and wife, Ruby Jane Bailey, by deed conveyed Lot 3 Block 4, Bayview Addition to Defendants.

II.

"That the notes as described in Plaintiff's original petition were executed on the date of the delivery of the deed.

III.

"That all of said notes have been paid except $1750 as shown by the pleadings.

IV.

"That the notes attached to Plaintiff's original petition are true and correct copies of the note so delivered.

V.

"That the last note was due in June, 1951.

VI.

"S. C. Bailey died in the late '40's or early '50's.

VII.

"Ruby Jane Bailey died on February 12, 1957.

VIII.

"This suit was filed on August 5, 1960.

IX.

"That the instrument referred to in Bailey vs. Mullens [Tex.Civ.App.], 313 S.W.2d 99, is the same instrument and contains the same provisions as the instrument referred to in the pleadings

in this case, retaining the vendor's liens therein referred to.

"ALSUP AND ALSUP

"By      Joe J. Alsup

"Joe J. Alsup, Attorney for
"Defendant Gambrell Bailey

"WM. BRODE MOBLEY, JR.

"ATTORNEY FOR PLAINTIFF"

■ The cause of action on these vendor's lien notes was barred by the four year statute of limitation (Articles 5520, 5527, V.A.T.S.) at the time of the death of Mrs. Ruby Jane Bailey. Hence, Article 5538, V.A.T.S., cited by appellant as tolling the law of limitations for twelve months after her death does not apply to this case.

■ Appellant contends in his first point that paragraph III of the stipulations constitute an acknowledgment of the justness of the debt and an implied promise to pay same, and that hence, the debt was taken out of the law of limitations and cites First National Bank v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 125 A.L.R. 265; and Standard Surety & Casualty Co. v. Wynn, Tex. Civ.App., 172 S.W.2d 789, as authority. In Bank v. Gamble, a check, with notation "int. on note", delivered by the maker to the holder of the note after the note had become barred, was held, under the circumstances, sufficient acknowledgment to toll the statute of limitations. In Standard Surety & Casualty Co. v. Wynn, there was a written acknowledgment of the debt, together with part payment, which under the facts of that case was held sufficient to bring the case under the provisions of Article 5539. Neither case is applicable to the present situation.

■ Appellee Gambrell Bailey, at the time of entering into the stipulation, had a plea of the four year statute of limitation on file, both in his original answer and his motion for judgment. He was vigorously denying any present obligation on either the notes or the vendors lien. In order for a written instrument to be sufficient to take a debt otherwise barred out of the operation of the statute of limitations under Article 5539, V.A.T.S., it must contain two elements, namely, an acknowledgment of the justness of the claim, and an expression of willingness to pay. The unqualified acknowledgment in writing of the indebtedness, unaccompanied by an expression indicating an unwillingness to pay, may raise the implications of a new promise to pay. 37 Tex.Jur.2d, Limitation of Actions, § 162, § 167, and cases cited. Under the undisputed facts there was no such recognition of any obligation or willingness to pay by appellees as would revive the debt. Article 5539, V.A.T.S.

■ Appellant in his second point states that because of the life estate retained by the grantors in the deed in question (see Bailey v. Mullens, Executor, Tex.Civ.App., 313 S.W.2d 99), limitation on the vendors lien did not start until after the death of Ruby Jane Bailey on February 15, 1957. The reservation of the life estate did not affect the due date of the notes. The last of such notes had matured more than four years prior to her death. This is not a case where the mortgagee is in possession of the property defending a title suit filed by the mortgagor, in which the defendant mortgagee as holder of vendors lien notes barred by limitation asserts his right to continue in possession until the debt is paid, as was the situation in each case cited to us by appellant. Benn v. Security Realty & Development Co., Tex.Civ.App., 54 S.W.2d 146, writ ref.; Hare v. Henderson, 5 Cir., 113 F.2d 277, certiorari denied, 311 U.S. 697, 61 S.Ct. 135, 85 L.Ed. 451; also see Jasper State Bank v. Braswell, et al., 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329. This is a suit by plaintiff mortgagee in which the sole cause of action alleged in his petition was to recover a money judgment on notes barred by limitation and to foreclose on a vendor's lien, likewise barred. Article 5520, Article 5527, V.A.T.S.; Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95; Holcroft v. Wheatley, Tex.Civ.App., 112 S.W.2d 298, no writ.hist.; Kiel v. Sta-

ber, Tex.Civ.App., 116 S.W.2d 809, no writ hist.; Miller v. Linguist, Tex.Civ.App., 141 S.W. 170, no writ hist. The second point is overruled.

■ The cause of action, if any, was not revived by the holding of the Court of Civil Appeals in Bailey v. Mullens, 313 S.W.2d 99, that the deed in question conveyed the property to the grantees subject to the vendors lien, as contended by appellant in his third point. The appellate court in that case, which was between these same parties, was passing upon the disputed issue as to whether the written instrument there involved was sufficient to constitute a deed of conveyance. The holding was that the instrument as executed by the grantors in 1943 was a deed conveying real property subject to a vendor's lien. Such language has no effect on the issue of limitations raised here.

Being of the opinion that the judgment as rendered by the trial court is correct, same is affirmed.