**Bob SUDDERETH, Appellant,**

v.

**Ross H. PUTTY, Appellee.**

**No. 7986.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 3, 1969.

Jim Kimmel and James M. Gerdeman, Lubbock, for appellant.

Evans, Pharr, Trout & Jones and Chauncey Trout, Lubbock, for appellee.

DENTON, Chief Justice.

This is a suit by Bob Suddereth to recover a real estate broker's commission. The trial court instructed a verdict for the defendant, and the plaintiff below brings this appeal.

On June 1, 1967, Bob Suddereth, real estate broker and Ross H. Putty, land owner, entered into the following contract, which is the subject matter of this litigation:

"EXCLUSIVE LISTING CONTRACT

This is a LISTING

Lubbock, Texas 6–1 1967

In consideration of the services of the undersigned real estate broker, I hereby list with said broker for a period of 90 days from date hereof, the property described below, and I hereby grant said broker the right to sell the same within said time at the price and on terms herein stated, or at such other price and terms which may be accepted by me and to accept a deposit thereon. I hereby agree to pay said broker a commission of five percent (5%) of the full sale price." followed by the two parties' signatures and provisions such as legal description, price and terms, and acreage allotments, not material to the disposition of the case.

■ The pleadings of the plaintiff present the contention that the contract executed by the parties was an exclusive listing as a matter of law. The defendant's answer presents the contention the contract was an open listing as a matter of law, and an alternative allegation of ambiguity. The plaintiff requested no special issues except as to amount of attorney's fees to be awarded to plaintiff, which was denied. The plaintiff was under the burden to establish that it had an exclusive sales contract as a matter of law. The defendant did not have the burden to prove the contract was an open listing.

In its findings of fact and conclusion of law the trial court found, and it is undisputed, the sale was not shown to have been made directly or indirectly through the efforts of the plaintiff, nor was the sale made to any of his prospects. The court further found, and the plaintiff admitted, that when he took the listing the defendant informed him the property was listed with other real estate brokers.

■ As we understand it, the plaintiff contends the written contract was unambiguous, and by the terms of the entire instrument, including the title or caption, vests plaintiff with an exclusive agency contract as a matter of law. If the contract grants an exclusive agency, it is made so by the caption. The contractual provisions of the instrument do not. The language "in consideration of the services of the undersigned real estate broker, I hereby list with said broker for a period of 90 days from date hereof—and I hereby grant said broker the right to sell the same" is the language of a typical open listing. The word "exclusive" is found only in the caption. The caption is not compatible with the clear language of the contractual provisions. We think this case is controlled by Neece v. A.A.A. Realty Company, 159 Tex. 403, 322 S.W.2d 597. The listing contracts are quite similar, although, in Neece the contract had two captions or labels. One read "Open Listing Agreement" and the other read "Exclusive Listing Agreement." The Open Listing caption was deleted, leaving the exclusive listing caption. The Court held: "There is a suggested repugnancy between the heading, 'Exclusive Listing Agreement' and the contracting clause, 'I (or we) agree to pay AAA Realty Co., * * * if they sell the property * * *.'" The court concludes "While in certain cases, one must consider captions in order to ascertain the meaning and nature of a written instrument, it has been held that the greater weight must be given to the operative contractual clauses

of the agreement, for 'An instrument is that which its language shows it to be, without regard to what it is labeled'. Bailey v. Mullens, Tex.Civ.App., 313 S.W.2d 99, loc. cit. 103, wr. ref., n. r. e.; Pate v. Goyne, 212 Ark. 51, 204 S.W.2d 900." The court held the contract was ambiguous because of the "suggested repugnancy" between the caption and the contracting clause. The court concluded the plaintiff failed to establish an exclusive agency contract as a matter of law, and that it failed to prove a cause of action as a matter of fact.

Extrinsic evidence was admitted showing the circumstances surrounding the execution of the contract before us. The plaintiff admitted he took the listing with the knowledge of previous and current listings with other real estate brokers. However, he testified "I told him to tell the other agents that he had listed this with me exclusively, and that I would be glad to work with them as I had in the past." The defendant denied this. Be that as it may, the plaintiff failed to request findings to ascertain the intent of the parties. Thus he failed to obtain affirmative fact findings. Under the record the trial court correctly instructed a verdict for defendant.

Plaintiff further complains of the trial court concluding attorney's fees were not recoverable by the plaintiff for services rendered under Article 2226, Vernon's Ann.Civ.St. Plaintiff's cause of action is based upon the recovery for breach of contract and not for personal services rendered. Since it is undisputed the plaintiff rendered no services in procuring the sale of the property and that plaintiff's claim is based upon the contract, no attorney's fees are recoverable under Article 2226 V.A.C.S. West v. Barnes (Tex.Civ.App.) 351 S.W.2d 615 (ref. n. r. e.).

The judgment of the trial court is affirmed.