

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 1, 1973

The Honorable Anna Beth Merten
County Auditor, Waller County
P. O. Box 966
Hempstead, Texas 77445

Opinion No. H- 77

Re: Is a Road and Bridge
Warrant Coupon dated
April 10, 1939, a valid
claim and should it be
approved for payment?

Dear Ms. Merten:

You have asked us if the County Auditor of Waller County is obligated to pay a claim based upon a $50 coupon issued April 10, 1939, which became due of April 10, 1940. The coupon represented the interest due on a warrant which was a part of the Series 1939 Waller County Road and Bridge Warrants. The coupon is now 33 years past due.

As early as 1881 the Texas Supreme Court held that the statute of limitation on a coupon begins to run from the date when the coupon is due. City of Galveston v. P. J. Loonie, 54 Tex. 517 (1881). The Court denied recovery on coupons which had been due over four years at the date of the institution of the suit.

Article 5527, V. T. C. S., governs the period of time during which an action on this coupon could have been brought. It reads:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing. "

The right to recover on the coupon accrued on April 10, 1940. Therefore, it is our opinion that the Office of the County Treasurer of Waller County is not obligated by law to pay the bearer of the coupon when it is presented

p. 352

thrity-three years after its due date.  Rockwall County v. Roberts County, 128 S. W. 369 (Tex. 1910); Hidalgo County v. Jackson, 119 F. 2d 108 (CCA 5th, 1941); Mullens v. Bailey, 374 S. W. 2d 455 (Tex. Civ. App., Corpus Christi, 1964); Davis v. Dennis, 448 S. W. 2d 495 (Tex. Civ. App., Tyler, 1969).

If suit is instituted in the collection of the past due coupon and the statute of limitation is plead by Waller County, no recovery can be had. It should be noted however, that the defense of limitation may be waived, and should Waller County wish to acknowledge the claim it may do so. Article 5539, V. T. C. S.  The right of a county to waive the statute of limitation is acknowledged in Falls County v. Mires, 218 S. W. 2d 491 (Tex. Civ. App., 1949, err. ref'd.); and in Hidalgo County, Texas v. Jackson, 119 F. 2d 108, (CCA 5th, 1941).

### SUMMARY

Waller County may refuse to honor the coupon now 33 years past due because the claim is subject to the plea that is barred by the statute of limitation provisions of Article 5527, V. T. C. S., or it may acknowledge the claim and waive the limitation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee