J. P. BOWLES v. P. M. BEAL ET AL.

(Case No. 1407.)

1. CERTAINTY IN DESCRIPTION.— A deed which describes the interest in land intended to be conveyed as "an undivided one-third of one-sixth of a league in Navarro county, Texas, patented to Elijah Powers, the same being one-third of the interest in said land conveyed by the sheriff of Navarro county to J. P. Bowles and J. F. Jeffries," the deed from the sheriff already in evidence identifying the interest in the league conveyed, is sufficiently descriptive. Following Montgomery *v.* Carlton, 56 Tex., 433; Knowles *v.* Torbitt, 53 Tex., 557, and other cases cited in opinion.

2. PRACTICE — BILL OF EXCEPTIONS.— The better practice is, when objections are sustained to one of several mesne conveyances, through which appellant sought to connect himself with the sovereignty of the soil, for the bill of exceptions to set forth the subsequent connecting links in the chain of title, or to give in the bill their dates, contents, etc.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

Trespass to try title brought in the district court of Navarro county by the appellant against the appellees, John P. Whatley and W. C. McClurg, and P. M. Beal. Pending the suit Beal died, and his administratrix, Mrs. W. Beal, was made party defendant. The suit was for the recovery of about nine hundred acres of land in Navarro county, on the Elijah Powers league. Verdict and judg-

ment for the appellant for a one-half undivided interest in the land sued for.

The plaintiff and one Jeffries purchased the land sued for at execution sale against the defendant P. M. Beal. The other defendants claimed under Beal. The plaintiff undertook to deraign his title from Jeffries for the undivided part he purchased at an execution sale, but the court excluded his title. This ruling of the court, as well as the charges of the court, were assigned for error.

The league of land of which the land sued for is part was patented to Elijah Powers in 1846. Before 1857 Powers died, leaving the defendant Beal one of his heirs. J. P. Bowles and J. F. Jeffries recovered a judgment in the district court of Falls county against P. M. Beal for $320.32 and costs, and foreclosing an attachment lien on said league of land. On the first Tuesday in February, 1858, the interest of P. M. Beal in the league was sold by the sheriff of Navarro county, by virtue of an order of sale issued on this judgment, and Bowles and Jeffries became the purchasers, and on the 2d day of February, 1858, the sheriff of Navarro county made to them his deed for Beal's interest in the land. March 20, 1872, in a suit for partition amongst the heirs of Elijah Powers, the particular tract, a part of the league, was allotted to P. M. Beal. The plaintiff sought to deraign his title from Jeffries to his interest, and having shown the deed of assignment by the register in bankruptcy to M. L. Ritter, assignee in bankruptcy of Jeffries, he offered in evidence the deed of Ritter, assignee in bankruptcy of Jeffries, to E. G. Bower, Julian Peak and E. H. T. Nichols. On the objection of the defendant this deed was excluded, with other reasons, because the court was of opinion "that the description of the land therein conveyed is so vague, indefinite and uncertain as to render said deed void for want of sufficient description." This deed described the land sold as follows: "An undivided one-third of one-sixth of a league of land in Navarro county, Texas, patented to Elijah Powers, the same being one-third of the interest in said land heretofore conveyed by the sheriff of said county of Navarro to J. P. Bowles and J. F. Jeffries." The league was particularly described in the patent to Elijah Powers and the sheriff's deed conveyed this league.

*Goodrich & Clarkson*, for appellant.

No briefs on file for appellees.

WEST, ASSOCIATE JUSTICE.— The bill of exceptions shows that there were but two objections raised to the introduction in evidence of the

deed of Ritter, assignee of Jeffries, to Bower, Peak and Nichols, for a portion of the land sued for. These related to the supposed want of certainty in the terms used in the deed, in describing the land intended to be conveyed, and to the fact disclosed on the face of the deed, that the sale was made in Dallas county by the assignee.

We do not regard either objection as tenable.

The deed of the assignee under consideration described the land sold and conveyed with reasonable certainty, and referred to the deed of the sheriff of Navarro county, that was already in evidence, to identify the particular interest in the Powers league that was conveyed. This description, under our previous decisions, was sufficient to admit the deed under consideration in evidence. The cases alluded to are collected below. The court erred in excluding it. Montgomery v. Carlton, 56 Tex., 433; Knowles v. Torbitt, 53 Tex., 558; Rogers v. McLaren, 53 Tex., 426; Steinbeck v. Stone, 53 Tex., 386; Wilson v. Smith, 50 Tex., 369, 370; Ragsdale v. Robinson, 48 Tex., 395–6. See, also, Waters v. Spofford, 58 Tex., 124; Kingston v. Pickins, 46 Tex., 101; Berry v. Wright, 14 Tex., 273; Flanagan v. Boggess, 46 Tex., 335; Norris v. Hunt, 51 Tex., 616–17.

The conveyance was clearly not void on its face, on inspection, for want of certainty.

As to the remaining objection, we are not aware of any law that forbids the assignee from selling the land in question in Dallas county, and we have been referred to none. Bump on Bank. (9th ed.), 167; U. S. R. S., sec. 5046; Pope v. Davenport, 52 Tex., 218.

These objections to the introduction of the deed were not sufficient to justify its entire exclusion from the case.

It is not necessary, in the present state of the record before us, to discuss the extent of the interest held by the appellant in the land sued for.

The mesne conveyances from Bower, Peak and Nichols, to the appellant, are not before us.

It would have been the better practice for the appellant, in his bill of exceptions, to have set out the subsequent links in his chain of title, or to have given in the bill their dates, contents, etc.

The appellant had, however, up to that point, successfully deraigned his title to the *locus in quo* from the government, regularly down to himself and to the assignee of his joint owner, Jeffries, and announced, at the time the deed under consideration was offered in evidence, that he would now proceed to trace the remainder of his title from the assignee of his co-tenant, through Bower and others, down to himself.

This announcement may be considered, and seems to have been regarded and treated by the court and all the parties to the case, as equivalent to an exhibition or production in court of his other deeds to the land in suit, the filing and proof of which had been by written agreement of the parties already dispensed with.

As the deed from Ritter, the assignee, was, on the objections above stated being raised to its introduction, excluded, it was probably, under the circumstances, deemed by all parties as unnecessary to set out in the record appellant's subsequent chain of title in full.

This deed from Ritter, as assignee of Jeffries, we are of opinion, showed on its face a right in the land in suit in the parties to whom the assignee executed the conveyance, and if the appellant had been permitted to do as he offered to do — to connect himself, by subsequent deeds, with this title, — he would have been able to show thereby a *prima facie* right to at least two-thirds of the land in controversy.

Under this chain of conveyances he would be entitled to recover the tract of land sued for as against all the appellees, unless they, on another trial, may be able to disclose a better right in themselves to the premises in question than is presented before us in the present record. Guilford *v.* Love, 49 Tex., 728; Stovall *v.* Carmichael, 52 Tex., 389; Pilcher *v.* Kirk, 55 Tex., 214; Robertson *v.* Johnson, 57 Tex., 65. See, also, Pilcher *v.* Kirk, decided at this (Tyler) term, 1883.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 9, 1883.]