## LILLIAN VINEYARD v. D. M. O'CONNOR.

### Decided June 22, 1896.

**1. Deed—Description of Property Conveyed.**

A purchaser of seven tracts of land at administrator's sale made a deed purporting to convey "all my right, title and interest in the estate of James W. Byrne purchased by me at administrator's sale in behalf of my son Samuel Harvey Vineyard," etc. The description was sufficient. The words "purchased * * * in

behalf of my son" did not imply that all seven tracts were not so purchased, and a conveyance of all his interest purchased at such sale could be identified. (Pp. 62, 63.)

2. Same—Description of Grantee.

Every deed must identify the grantee, but no mere formalities are essential. He need not be named but may be described, as in a deed to the heirs of one who is dead, because heirs can be ascertaind; and it is sufficient if he is named only in habendum clause or in recital of names of parties. (P. 63.)

3. Same—Fact Case.

S. C. V. executed a deed which contained no language to identify the grantee therein except the following: "for the sum of one dollar (and out of the affection for my son Samuel Harvey Vineyard) do hereby grant, release and convey, to have and to hold forever all my right, title and interest in the estate of J. W. B. purchased by me at administrator's sale in behalf of my son S. H. V. * * * hereby reserving the right to control as guardian said estate for the benefit of S. H. V. * * * and I the said S. C. V.. * * * hereby bind myself by these presents to warrant, defend and protect unto the said S. H. V. * * * the possession hereunto conveyed." Held, that such deed sufficiently identified S. H. V. as the grantee intended. (Pp. 62 to 65.)

ERROR to Court of Civil Appeals for First District, in an appeal from Aransas County. The suit was brought by Lillian Vineyard to recover from O'Connor certain lands which she claimed by conveyance from S. C. Vineyard to S. H. Vineyard (the deed copied in the opinion), and by the latter to plaintiff. Defendant had judgment and plaintiff appealed and then obtained writ of error from a judgment affirming that of the District Court. The opinion states the facts.

*R. H. Ward,* for plaintiffs in error.—The deed sufficiently described the land and the court erred in excluding the deed for want of sufficient description, because if the description in the deed was uncertain it was rendered certain by the reference to the title acquired at administrators' sale. Land Co. v. Chisholm, 71 Texas, 526; Bowles v. Beal, 60 Texas, 323; Brown v. Chambers, 63 Texas, 131; Ragsdale v. Mays, 65 Texas, 257; Gresham v. Chambers, 80 Texas, 545; McWhirter v. Allen, 1 Texas Civ. App., 651; Betrue v. Land Co., 67 Texas, 342; Cook v. Oliver, 83 Texas, 559. Conveyance of all right, title and interest: Slack v. Davis, 3 Texas Civ. App., 520; 3 Wash. Real Prop., 428; Webb v. Den, 17 How., 577.

The deed in question vested the absolute title to the property in Samuel Harvey Vineyard, who was then in being, and therefore capable of taking; if the grantor in said deed and Anna W. Vineyard, could not convey to their heirs because being alive they could have no heirs, that part of said deed only would be void or inoperative, and consequently the title would be vested in Samuel Harvey Vineyard alone. Bailey v. Willis, 56 Texas, 214; Frost v. Wolf, 77 Texas, 455; 1 Dev. on Deeds, sec. 184; Bedman v. Whitney, 20 Me., 420; Ready v. Kearsley, 14 Mich., 225; Hamilton v. Pitcher, 53 Mo., 335; 3 Wash. on Real Prop., 267; 1 Dev. on Deeds, sec. 184.

*Glass, Callender & Carsner,* for defendant in error.—The court did not err in excluding the deed from S. C. Vineyard, dated October 8, 1873, for want of a description of the property intended to be conveyed. It appears

from an inspection of the deed that the property intended to be conveyed is not described therein, and there is no definite reference to any other instrument or transaction by which the same can be identified. It was therefore the duty of the court to pronounce the said deed void, and to exclude it. Kingston v. Pickens, 46 Texas, 101; Giddings v. Day, 84 Texas, 605.

The defect in this deed is patent, and cannot be aided by averment and proof. A deed, to be valid, must describe the property by its terms, or give data from which the description may be found and made certain. There is no definite reference to any other deed by date or where recorded, or to any transaction with any person by name or definite designation, from which it can be ascertained with certainty to what property the grantor refers, and in such case parol evidence is not admissible to show what land or property was intended to be conveyed. Coker v. Roberts, 71 Texas, 602; Norris v. Hunt, 51 Texas, 612; Bitner v. Land Company, 67 Texas, 342; Martindale on Conveyancing, sec. 87; Chinowith v. Haskell, 3 Peters, 96.

In every conveyance of property, to be valid, there must be a grantor, a grantee and property granted or conveyed. If the instrument itself raises an uncertainty as to the grantee, or as to the property intended to be conveyed, it will be void. The instrument executed by S. C. Vineyard on the 8th day of October, 1873, which was excluded by the court, not only fails to describe the property intended to be conveyed, but fails to use words of conveyance appropriate to convey an estate in lands to any particular person, and by the terms used, renders it very uncertain, who were intended as the beneficiaries. Therefore the instrument was void, and the court did not err in excluding it. Wright v. Lancaster, 48 Texas, 250; Nolte v. Meyer, 79 Texas, 351; Martindale on Conveyancing, sec. 69.

GAINES, CHIEF JUSTICE.—This was an action of trespass to try title brought by Lillian Vineyard, a minor, who sued by her guardians, to recover of Dennis M. O'Connor, the defendant in error, certain tracts of land. The defendant, in an amended answer, disclaimed as to some of the tracts sued for, but pleaded not guilty and set up title as to the others.

There was a judgment for the defendant for the lands claimed by him in his answer, which judgment was affirmed in the Court of Civil Appeals.

Upon the trial the plaintiff introduced in evidence patents to one James W. Byrne for six of the tracts in controversy, and also a patent to one Isaac C. Robertson to the seventh. It was agreed between the parties that Byrne, who was then dead, was the owner at the time of his death of the tract patented to Robertson. The plaintiff then introduced the proceedings of the Probate Court of Aransas County in the matter of the estate of James W. Byrne, deceased, showing an order for the sale of the lands and an order confirming a sale of the same to S. C. Vineyard, to-

gether with a deed by the administrator conveying to such purchaser the lands so sold.

The plaintiff then offered a purported deed, of which the following is a copy:

State of Texas,
County of Aransas.

"Know all men by these presents, that I, Samuel C. Vineyard, of the State of Texas, and County of Aransas, for the sum of one dollar (and out of the affection for my son, Samuel Harvey Vineyard), do hereby grant, release and convey, to have and to hold forever, all my right, title and interest in the estate of James W. Byrne, purchased by me at administrator's sale in behalf of my son, Samuel Harvey Vineyard, and heirs of S. C. Vineyard and Anna W. Vineyard, hereby reserving the right to control as guardian said estate for the benefit of S. H. Vineyard and heirs of S. C. Vineyard and Anna W. Vineyard; and I, the said Samuel C. Vineyard, for and in consideration of the sum of one dollar, to me in hand paid, do hereby bind myself by these presents to warrant, defend, and protect unto the said Samuel H. Vineyard and heirs of S. C. Vineyard all the possession hereunto conveyed this eighth day of October, 1873, A. D.

"In testimony whereof I have hereunto signed my name and affixed my scrawl for seal, on this eighth day of October, A. D., one thousand eight hundred and seventy-three.

"Witness: Eustace Hatch.                     S. C. Vineyard."

The instrument was duly acknowledged. The introduction of the paper in evidence was objected to on three grounds, but we need only consider two of them. The first was that it was void because it contained no sufficient description of the property intended to be conveyed, and the second, that the grantee was not named therein. In connection with the instrument the plaintiff offered to prove by her mother that she, the proffered witness, was the wife of S. C. Vineyard and that Samuel Harvey Vineyard was their son, and that he was the only child born to them at the date of the purported conveyance, but that subsequently she bore to her husband the plaintiff and another child. The plaintiff also offered in evidence a deed executed by Samuel Harvey Vineyard conveying to her all his "entire interest in the conveyance from S. C. Vineyard to me, Harvey S. Vineyard, A. D., 1873, the same tracts being purchased from the estate of James W. Byrne," etc. The first deed was excluded by the court upon the objection already stated, and the second was objected to upon the ground that since the first deed had been ruled out the second was irrelevant. This latter was also excluded.

We are of the opinion that neither ground of objection to the instrument executed by S. C. Vineyard is tenable. The majority of the Court of Civil Appeals held that the description of the property intended to be conveyed was sufficient, and we think that ruling correct. If the descrip-

tion had ended with the words, "purchased by me at administrator's sale," it is quite too clear for argument that it would have been sufficient. Bowles v. Beal, 60 Texas, 322; Land Company v. Chisholm, 71 Texas, 523; Smith v. Wilson, 50 Texas, 365; Kingston v. Pickens, 46 Texas, 99; Ragsdale v. Robinson, 48 Texas, 379. If the purpose of the use of these words, "in behalf of my son," etc., was to limit the conveyance to a part of the lands bought at the administrator's sale, and the whole of the descriptive language should be construed as if it had read "all that portion of the property bought by me at administrator's sale, which was purchased in behalf of my son," there might be some question as to its sufficiency. But we think such was not the purpose of the grantor; but that the object in the use of the words just quoted was merely to declare that he had purchased all the lands bought by him at the sale of Byrne's estate for the use of his children, and thus to make more manifest the motive which prompted the conveyance. At all events, the language fairly admits of that construction, and when words in an instrument are capable of two constructions, one of which will make it void and the other of which will make it valid, the latter must prevail.

This brings us to the second ground of objection, which was that there was no grantee in the deed. Every deed of conveyance must have a grantee. But it is a mistake to suppose that any mere formalities are necessary to its validity. Lord Coke says, "I have termed the said parts of the deed formal or orderly parts, for if such a deed be without premises, habendum, tenendum, reddendum, clause of warrantie, the clause of in cujus rei testimonium, the date, and the clause of hiis testibus, yet the deed is good. For if a man by deede give lands to another and to his heirs without more saying, this is good if he put his seale to the deede, deliver it, and make livery accordingly. So it is if A give lands to have and to hold to B and his heires, this is good, albeit the feoffee is not named in the premises." (I. Coke upon Littleton, 7a.) In a deed as in all other written instruments, it is the duty of the court to determine the intention of the parties to it; and when the instrument itself makes it manifest that it was the purpose of the grantor to convey the property to another, who in the deed itself is designated with reasonable certainty, it will take effect as a conveyance. The grantee need not be named. He may be described. A deed to the heirs of a person who is dead is good, for the reason that the heirs may be definitely ascertained. That is certain which may be made certain. So if the deed do not express to whom the property is conveyed, yet, as we have seen, if the grantee be named in the habendum the deed is sufficient—not because the habendum says expressly who the grantee is, but because the inevitable presumption is, that the person who is "to have and to hold" the property is the party to whom it was intended to be conveyed. The case of Newton v. McKay, 29 Mich., 1, is similar to the case before us; and the remarks of the court in their opinion are quite pertinent to the question we have under consideration. There the instrument, neither in the granting clause, nor in the habendum, nor in the

warranty, named the grantee, though it began: "This indenture made and agreed to between Jacob Sammons of the first part and F. H. Genereaux of the second part," etc. The court in their opinion say:

"It is undoubtedly true that to constitute a valid conveyance, the grant must in some way distinguish the grantee from the rest of the world. But it is equally true, that if upon a view of the whole instrument he is pointed out, even though the name of baptism is not given at all, the grant will not fail. The whole writing is always to be considered, and the intent will not be defeated by false English or irregular arrangement, unless the defect is so serious as absolutely to preclude the ascertainment of the meaning of the parties through the means furnished by the whole document and such extrinsic aids as the law permits.

"It is not indispensable that the name of the grantee, if given, should be inserted in the premises. If the instrument shows who he is, if it designates him, and so identifies him that there is no reasonable doubt respecting the party constituted grantee, it is not of vital consequence that the matter which establishes his identity is not in the common or best form, or in the usual or most appropriate position in the instrument.

"The grant before us is very awkward and unskilled. It was evidently drawn by a person unacquainted with the principles of conveyancing, and yet having some knowledge of the phraseology commonly used in deeds. But notwithstanding its infelicity of arrangement and its numerous shortcomings, it seems to me that it is not invalid for the uncertainty alleged against it. True, no one is expressly named or described as grantee in the premises or subsequent parts of the instrument. But no person can escape the impression that the paper was meant to be an actual and lawful grant to Genereaux. It was not prepared, executed, acknowledged and delivered as an idle ceremony. It describes Sammons as being the party of the first part, and Genereaux as being the party of the second part. The nature of the act to be consummated, and the writing got up as an instrument of conveyance to effect the consummation, explain the sense in which Sammons is called the party of the first part, and Genereaux the party of the second part. When we reflect that the parties were by this paper seeking to effect a transfer of land from one to the other, these expressions of party 'of the first part,' and party 'of the second part' very plainly convey the idea that the former was grantor and the latter grantee."

After referring to another peculiarity of the deed, the court conclude: "Without pausing to elaborate the point, it is sufficient to say that the instrument imports upon its face to be a grant from Sammons to Genereaux." The case of Doe v. Hines, Busbee's Law (N. C.), 343, was decided upon the same principles.

Let us then apply the rules announced to the instrument before us. Treating the recital of the consideration of one dollar as formal, we see that the true consideration of the deed is the affection of the grantor for his son. It declares that the property had been purchased at the admin-

istrator's sale in behalf of (that is, for the benefit of) his son and the "heirs" of the grantor and his wife; and also reserves control of the property as guardian for the benefit of the son and such "heirs." And finally the grantor covenants to warrant the title to his son and the "heirs" of himself and wife. So the deed expressly shows who is to have the beneficial interest in the property and to whom the title was to be warranted. Can there be any reasonable doubt from the face of the deed itself to whom the grantor intended to convey the land? If the grantor may be pointed out in the habendum, why not in the covenant of warranty? The whole instrument is consistent with the theory that Samuel Harvey Vineyard was intended to be a grantee therein and no other possible construction can reconcile its peculiar provisions. We therefore conclude that the instrument in question was a valid conveyance, and that it passed to him the legal title in the land.

For the error of the trial court in excluding the deed from S. C. Vineyard to Samuel H. Vineyard and of the Court of Civil Appeals in affirming that ruling, their judgments are reversed and the cause remanded.

*Reversed and remanded.*