LUFKIN LAND & LUMBER CO. v. BEAUMONT TIMBER CO., Limited. et al.

(Circuit Court of Appeals, Fifth Circuit. February 26, 1907.)

No. 1,569.

VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE OF PRIOR CONVEYANCE BY VENDOR.

One who purchased for $100 a tract of land having timber thereon worth $10,000, taking a deed without covenants of title, seisin, or warranty, and who before his purchase admittedly saw an abstract of title showing a prior deed from his grantor, and purchased in reliance on the invalidity of such deed, and its having been defectively recorded, was not a bona fide purchaser for value without notice, and acquired no title where the prior deed was in fact sufficient and a grantee claiming thereunder was in possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 474.]

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This is a suit by the Beaumont Timber Company, Limited, plaintiff in the court below, against the Lufkin Land & Lumber Company, defendant in the court below, to recover title to 345 acres of land, to wit, 240 acres of the A. J. Briley survey, and 105 acres of the Luke Stephens survey in Angelina county, state of Texas, together with damages for the alleged wrongful conversion of timber off of said land, amounting to the sum of $33,750. To the complaint the defendant pleaded not guilty, and alleged that it is the owner of an undivided two-thirds interest in the land and timber in controversy, and disclaimed as to the other one-third, but admitting possession, alleging that it had been put in possession by parties claiming to be the owners of said undivided one-third interest. Defendant then set up a contract and agreement with certain alleged former owners under which it claimed the timber had been cut on the unclaimed portion of the land in controversy. To the answer of defendant the plaintiff pleaded a general denial, and especially denied that defendant owned any part of the land sued for or had any lawful right to cut any timber therefrom; that if it owned any of the land it did not own it all, and had no right to cut all the timber as it did. The case was tried, and resulted in a verdict and judgment in favor of plaintiff against the defendant for 289 acres of the land in controversy and damages for willful trespass in the sum of $20,168.84. To review the proceedings, the defendant below sued out this writ of error.

Ben B. Cain and W. Frank Knox, for plaintiff in error.

W. B. O'Quinn and W. D. Gordon, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). On the trial the main controversy was in regard to the title to one undivided half of the land in controversy, and the proof was as follows: On the 28th of November, 1877, Stephen D. Stephens, residing in Pulaski county, Ga., was the owner by inheritance of one undivided fourteenth, and by purchase of one undivided half of the land in controversy; the two interests together aggregating 200 and a fraction acres. On that day he sold and conveyed with covenants of warranty, and for a full consideration the one undivided one-half of said land to one R. G. Fulghum. This conveyance was properly signed, sealed, and delivered in the presence of witnesses. It was informally acknowledged

before a judge of the county court of Pulaski county, state of Georgia, on the 28th day of November, 1877, further proved by the oath of one of the subscribing witnesses before the same official on the 16th day of January, 1883, on January 30, 1883, was filed for record in the office of the clerk of the county court in the county of Angelina, state of Texas, in which county the land was located, and on the 31st day of January, 1883, was recorded in records of deeds for said county. R. G. Fulghum, the grantee in the above-mentioned deed, never conveyed or transferred his interest. On the 28th day of February, 1897, he died leaving two sons as heirs at law, to wit, A. C. Fulghum and A. R. Fulghum. On October 12, 1881, A. C. Fulghum and wife conveyed to one J. W. Moncton an undivided one-half interest in the two tracts of land in this case, and on the 22d of October, 1904, J. W. Moncton conveyed to the Lufkin Land & Lumber Company the same one undivided half interest. On February 5, 1904, A. R. Fulghum conveyed to the Lufkin Land & Lumber Company "all that certain undivided interest that I own in and to the hereinafter described tract of land situated," etc., being the land in controversy; "the same being the one-fourth undivided interest in and to one-half of the Briley 240-acre survey of land, also an undivided one-fourth interest in the one-half of the Luke Stephens 105-acre survey of land. This deed conveyed all A. R. Fulghum's undivided interest. Vineyard v. Trueblood, 90 Tex. 59, 36 S. W. 424; Michon v. Ayalla, 84 Tex. 685, 19 S. W. 878. On November 25, 1904, 27 years after his conveyance to R. G. Fulghum, Stephen D. Stephens, for a consideration of $100 granted, conveyed and quitclaimed the property in controversy, together with any and all timber which is now standing or which has been unlawfully cut or removed therefrom, including any and all rights of action for damages incidental to the cutting and removing of timber, and all his rights to recover therefrom. This deed contained no covenants of ownership, possession, or warranty. On the 6th of October, 1905, A. R. Fulghum conveyed all his right, title, and interest in the land in controversy, including rights of action for damages, etc., to H. B. Fall. On December 2, 1904, and again on January 2, 1906, H. B. Fall conveyed the land in controversy including rights of action for damages, etc., to the Beaumont Lumber Company. On this proof the defendant is the owner through sufficient deeds of conveyance from Stephen D. Stephens to one undivided half of the land in controversy, and can only be defeated by the plaintiff below, showing (1) the deed from Stephen D. Stephens to R. G. Fulghum was not recorded in the proper office in accordance with the laws of Texas prior to the deed obtained by Fall from Stephens November 25, 1904; and (2) that Fall was a bona fide purchaser for value without notice.

There is neither allegation nor proof that the plaintiff was a bona fide purchaser from Fall for value, and without notice. As to whether Fall was a bona fide purchaser without notice, there was considerable evidence tending to show that his agents in procuring the deed from Stephens were informed by Stephens, and otherwise had notice of the deed from Stephens to Fulghum executed in 1877. As a witness for plaintiff, Fall repudiated any notice through or to his agents, but testified as follows:

"Q. What kind of notice did you have at all that Stephens had sold this land to Fulghum? A. Well, to answer that question, it would be necessary to qualify my answer. I have seen an abstract of these surveys. Q. The Stephens and Briley surveys? A. Of the Stephens and Briley surveys, and on one sheet of that abstract appears what purports to be an instrument filed for record in Angelina county, but upon advice of my attorney he stated to me that the acknowledgment in that deed was fatally defective, and was no notice whatever and it was on his advice that I purchased it."

On this showing, in connection with the deed he obtained from Stephens, we think it is perfectly clear that Fall was not an innocent purchaser for value without notice; because his deed contains no covenants of seisin or warranty, he paid a vile price, that is to say, $100 for land on which the timber was alleged to be worth over $15,000, and proved to be worth over $10,000; the defendant, the Lufkin Land & Lumber Company was in possession of the property under deeds conveying title; and, according to Fall's own testimony, he had notice more than sufficient to put him on inquiry. On the trial and seasonably the defendant below requested the court to charge the jury as follows:

"You are charged that the deed from S. D. Stephens to R. G. Fulghum, dated 28th November, 1877, acknowledged before H. H. Whitfield, Judge, county court of Pulaski county, Ga., passed the title to an undivided half interest in the Luke Stephens 105 acres, and the A. J. Briley 240-acre surveys of land, and that the conveyance by said S. D. Stephens to H. B. Fall, dated 25th day of November, 1904, and offered in evidence in this case to the said Stephens and Briley surveys of land passed no title or right to said land or any part thereof."

This request was refused, and the court submitted to the jury the question as to the validity of the deed from Stephens to Fall on the ground that the deed from Stephens to R. G. Fulghum was not recorded according to the law of Texas, and that Fall was an innocent purchaser without notice, as follows:

"The widow of Luke Stephens owned $172{5}/{10}$ acres of said land, and conveyed the same to her son, S. D. Stephens, and he in turn conveyed it to one R. G. Fulghum by deed which was improperly acknowledged, in the deed records of Angelina county, Tex., in 1883, by reason of the noncompliance with the law governing registration of deeds, the recording of this instrument was void as to any subsequent purchaser of the land from S. D. Stephens, who purchased same in good faith and for a valuable consideration, without notice. The plaintiff here claims to own this portion of the land by virtue of a deed acquired from S. D. Stephens on the 25th day of November, 1904. Now, upon this issue, you are instructed that if the plaintiff, the Beaumont Lumber Company, or H. B. Fall, under whom it claims, paid the consideration mentioned in said deed without actual notice that the said S. D. Stephens had previously sold said $172{5}/{10}$ acres to R. G. Fulghum, or without actual knowledge of such facts and circumstances as would put a reasonably prudent person upon inquiry which would have led to a discovery of the same, in such case the plaintiff would take the title of said land, notwithstanding the prior deed to R. G. Fulghum. If, as above explained, you believe from the evidence that said H. B. Fall was a purchaser for value, without notice of said prior deed, you will find in favor of the plaintiff for said $172{5}/{10}$ acres of said land. In this event you are further instructed that the plaintiff has shown title to 289.9696 acres of said land and the defendant has shown title to 28.33⅓ acres of land. Such are the relative interests shown by the plaintiff and defendant in the land controversy, if you find that the plaintiff was an innocent purchaser from S. D. Stephens, as above explained."

To both the refusal to charge, and the charge as given, the defendant below seasonably excepted.

It is not necessary to determine that the request to charge was absolutely correct in language and law, and that the charge as given is open to criticism in the abstract. It is sufficient to hold that in this individual concrete case the plain undisputed evidence established that neither Fall, the grantee from Stephens, nor the plaintiff below as Fall's grantee, was an innocent holder for value, without notice of the deed from Stephens to R. G. Fulghum, and it was error to submit such issue to the jury, and the effect of it was to confuse and mislead the jury on this, and other issues in the case. This conclusion in regard to the title to the one undivided half of the land in controversy renders it unnecessary to pass on the other errors assigned, as there is no need for any of them to arise on the new trial which we award in the case.

The judgment of the Circuit Court is reversed, and the cause is remanded, with instructions to set aside the verdict and award a new trial.