THE ATTORNEY GENERAL.
OF TEXAS





GROVER SELLERS

ATTORNEY GENERAL.

Good Neighbor Commission of Texas
Austin, Texas

Attention: Pauline R. Kibbe

Opinion No. 0-7499
Re: Designation of grantee in
deed conveying in trust to
the use and benefit of the
Mexican people in Karnes
County.

Gentlemen:

We acknowledge receipt of your opinion request dated November 6, 1946, from which we state in substance and quote in part, as follows:

The Mexican Honorary Commission of Karnes City desires to purchase a small tract of land for the purpose of erecting a platform and a hall to hold weekly meetings and to stage celebrations on the 5th of May, the 16th of September and at other times.

As you know, these Commissions are semi-official agencies of the Mexican Consular Service in that they are composed of Mexican citizens and organized by the Mexican Consuls to look after the interests of the Mexican population under the Consul's direction.

Inasmuch as these groups have no legal entity, at least, sufficient to own and dispose of real estate as such, the membership being of a migratory nature, the title to a given parcel of land would be imperfect for want of a definite and clearly defined owner, a point essential when seeking to borrow money or to transfer the fee.

Similar problems in other communities in the State may, in the future, arise, and we would like your opinion on the inquiry: Whether title to the land in question may be placed in a grantee as follows: "Joel S. Quinones, Mexican Consul, at San Antonio, or his successor in office, for the use and benefit of the Mexican people of Karnes County, Texas."

Title 5, Aliens, V. A. C. S., contains the pertinent statutes governing the ownership of land by aliens and alien corporations in Texas.

Article 166 provides that no alien or alien corporation shall acquire any interest, right, or title either legal or equitable in or to any lands in the State of Texas, except as hereinafter provided.

Article 167 lists the exceptions to the general law stated in Article 166 and provides in part as follows:

"This title (title 5) shall not apply to . . . the following classes of aliens, who are, or who shall become bona fide inhabitants of this State, so long as they shall continue to be bona fide inhabitants of this State:

". . .

"Section 3. Aliens who are natural born citizens of nations which have a common land boundary with the United States.

". . ."

Article 176, V. A. C. S., requires that all aliens and all alien corporations hereafter purchasing, or in any manner acquiring land located in Texas, shall, within six months after such purchase, or acquisition, file with the County Clerk of the County in which such land is located, a "Report of Alien Ownership" in accordance with the terms therein set out, and subject to the penalty provided therein for failure of compliance therewith.

Under the provisions of the above-enumerated statutes, it is plain that the aliens in question, bona fide inhabitants of Texas and citizens of Mexico, a nation which has a common land boundary with the United States, may acquire and own any lands in the State of Texas, provided they file a Report of Alien Ownership in accordance with Article 176.

We are of the opinion that the designation of the grantee in the contemplated conveyance as "Joel S. Quinones, Mexican Consul at San Antonio, or his successor in office, for the use and benefit of the Mexican people of Karnes County, Texas", would be legal and proper. The legal effect thereof would be to constitute the Mexican Consul the holder in trust of the property conveyed for the use and benefit of the Mexican people of Karnes County, Texas, the owners of the property. In a deed, as in all other written instruments, the thing to be determined is the intention of the parties to it; and when the instrument itself makes it manifest that it was the purpose of the grantor to convey the property to another, who in the deed is designated with reasonable certainty, it will take effect as a conveyance. 14 Tex. Jur., Page 798; Vineyard vs. O'Connor, 90 Tex. 59; Sparks vs. Humble Oil and Refining Company, 129 S.W. (2) 468.

We desire to point out however, that a conveyance to a grantee as designated above places the title, the rights to alienate, and all incidental powers appertaining to the lands conveyed in the Mexican people of Karnes County,

Texas. To obviate the necessity of obtaining the approval of all the Mexican people of Karnes County, Texas, whenever a transfer, assignment, or loan concerning the land in question is desired, we would suggest that the grantee be designated as follows: "Joel S. Quinones, Mexican Consul, at San Antonio, or his successors in office, trustee".

Article 7425a, V. A. C. S., provides as follows:

"Where a trust is created, but is not contained or declared in the conveyance to the trustee, or when a conveyance or transfer is made to a trustee without disclosing the names of the beneficiary, or beneficiaries, the trustee shall be held to have the power to convey or transfer or encumber the title and whenever he shall execute and deliver a conveyance or transfer or encumbrance of such property, as trustee, such conveyance or transfer or encumbrance shall not thereafter be questioned by any one claiming as a beneficiary under such trust or by any one claiming by, through, or under an undisclosed beneficiary, provided that none of the trust property in the hands of said trustee shall be liable for personal obligations of said trustee. Acts 1925, 39th Leg., ch. 120, p. 305, § 1."

The affect of designating the grantee as suggested and as permitted under Art. 7425a would be to place in the trustee designated the authority or power to exercise all rights concerning the land conveyed to him in trust. The beneficiaries under the trust could, of course, come in whenever necessary to show they are parties for whom the land was conveyed in trust. We would be hesitant, of course, to suggest any conveyance to a grantee as suggested herein except in those cases, as here, explicit trust, honor and reliance can be placed in the designated trustee.

Trusting that the above satisfactorily answers your inquiry, we remain

Very truly yours

APPROVED NOV 22, 1946                    ATTORNEY GENERAL OF TEXAS

/s/ Harris Toler

FIRST ASSISTANT                          By /s/ Chester E. Ollison
ATTORNEY GENERAL                                Chester E. Ollison
                                                        Assistant

CEO-sl-lm

                            APPROVED
                            OPINION
                            COMMITTEE
                            BY /s/ GWB
                            CHAIRMAN