# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2021

Lyle W. Cayce
Clerk

No. 21-20128

Eduardo Edgar Molina,

*Plaintiff—Appellant*,

*versus*

Home Depot USA, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1896

Before Dennis, Elrod, and Duncan, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

Eduardo Molina appeals the district court's grant of summary judgment for his former employer, Home Depot USA, Inc. (Home Depot), on a personal injury claim stemming from a workplace incident. Molina claimed that Home Depot failed to provide proper assistance, equipment, and training. Because we conclude that there was no genuine issue of material fact on Molina's claims for inadequate assistance and training, we AFFIRM summary judgment on those claims. Because we conclude that there is a genuine issue of material fact on Molina's claim for inadequate equipment, we VACATE and REMAND on that claim.

## I.

Around July 2016, Molina began working in the Home Depot lumber department. At the beginning of each shift, Molina was required to rearrange building materials that had been left disheveled by customers, a process referred to as "flat stacking." "Flat stacking" typically requires lifting large pieces of building materials, like lumber, and placing them neatly on a shelf, often six feet high off the ground.

One day, in July 2017, Molina was required to "flat stack" pieces of timber that were 4"x4"x10' and weighed around 50 pounds. As Molina lifted one of the pieces and attempted to move it to its designated shelf, he experienced pain in his lower back, causing him to drop to the ground. This led to a bevy of medical bills for Molina.

Molina filed a complaint against Home Depot in May 2019, alleging that Home Depot breached its duty to provide him with the proper assistance, equipment, and training to safely execute "flat stacking." Home Depot moved for summary judgment, arguing that it owed no duty to provide additional assistance to Molina. The district court granted summary judgment to Home Depot on all three claims, and Molina appealed.

## II.

We review a grant of summary judgment *de novo*. *Vuncannon v. United States*, 711 F.3d 536, 538 (5th Cir. 2013). Summary judgment should be granted, viewing the evidence in the light most favorable to the nonmoving party, if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Typically, a district court may grant summary judgment only on grounds requested by the moving party. *John Deer Co. v. Am. Nat'l Bank*, 809 F.2d 1190, 1192 (5th Cir. 1987). A district court may not grant summary judgment *sua sponte* without giving the parties ten days' notice. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007). If the district court fails to give notice before

granting summary judgment *sua sponte*, we review for harmless error. *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Co.*, 7 F.4th 315, 320 (5th Cir. 2021) (citing *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011)). Error is harmless if the "nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact." *Shepherd v. Gulf Coast Cmty. Servs.*, 221 F. App'x 308, 310 (5th Cir. 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1398 (5th Cir. 1994)).

In its motion for summary judgment, Home Depot claimed only that it owed no duty to provide additional assistance to Molina. But in his complaint, Molina claimed that Home Depot had a duty to provide assistance, equipment, and training. Because Home Depot moved for summary judgment on Molina's claim for inadequate assistance, we review that claim *de novo*. But because the district court granted summary judgment *sua sponte* without notice on Molina's claims for inadequate equipment and training, we must review those grants for harmless error.

## III.

To succeed on a negligence claim, the plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's damages. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). To survive summary judgment, therefore, Molina must show that there is a genuine dispute of material fact whether Home Depot owed him a duty, that it breached that duty, or that the breach caused Molina's damages.

## A.

In this diversity case, the district court properly granted summary judgment on Molina's claim for inadequate assistance. Under Texas law, employers are not "insurers" of their employees' safety—they have no duty

to warn employees about hazards that are "commonly known or already appreciated." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Nor do employers have a duty to "provide equipment or assistance that is unnecessary to the job's safe performance." *Id.* at 795. In other words, an employee's injury at work alone is not enough to prevail on a negligence claim. Specifically, an employer is not liable if the employee is injured doing the work typical for his position, unless that work is especially perilous. *Id.* (citing *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995)).

Home Depot had no duty to provide assistance that was "unnecessary to the job's safe performance." *Id.* Molina admits that he did "flat stacking" nearly every day for a year leading up to the incident—and so did every other employee in the lumber department. And Molina never asked for help "flat stacking" before. "Flat stacking" was therefore typical for his position. And it was not especially perilous either: Customers regularly moved the same materials. Molina admitted that no part of his job was "hazardous" and that "flat stacking" was not necessarily a two-man job. Accordingly, there is no genuine dispute of material fact: Home Depot had no duty to provide assistance to Molina. The district court properly granted summary judgment on the inadequate assistance claim.

**B.**

Although summary judgment was appropriate for Molina's claim that Home Depot failed to provide proper training, it was not appropriate for his claim that Home Depot failed to provide proper equipment.

When the district court granted summary judgment *sua sponte* on Molina's claims for inadequate equipment and training, it committed harmless error. In his response to Home Depot's motion for summary judgment, Molina argued that a back brace was required for "flat stacking." In the same response, Molina also argued that Home Depot failed to provide adequate training. Because Molina was able to present his evidence before

summary judgment was granted on these claims, the district court's procedural error was harmless.

But was summary judgment warranted?  Just like with Molina's inadequate assistance claim, Home Depot was obligated to provide Molina with the equipment that was necessary for him to safely perform his job. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015); *see also Advance Tire and Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 481 (Tex. App.— Houston [1st Dist.] 2017, no pet.).  Although Molina initially indicated that he had all the safety equipment that he needed, he also indicated that a back brace could have prevented his injury.  Home Depot admitted that a back brace may be necessary for employees in the lumber department to avoid injury.  Molina had asked for a back brace on many occasions, including before the incident had happened, but was denied.  There are, therefore, factual disputes over whether Home Depot had a duty to provide a back brace and whether the lack of a back brace was the proximate cause of Molina's injury.  Accordingly, summary judgment was not proper on the inadequate equipment claim.

Finally, employers have a duty to properly train their employees. *Elwood*, 197 S.W.3d at 794–95.  But no duty exists when a danger is "commonly known."  *Austin*, 465 S.W.3d at 210.  Home Depot customers often moved lumber, indicating that the potential cause of injury was not disguised.  And employees did this kind of work routinely.  There is no factual dispute, therefore, that Home Depot had a duty to train Molina on "flat stacking."  Even if training was required, Home Depot provided it.  Molina acknowledged that he completed computer training on how to lift properly. He also admitted that he did not need additional training to "flat stack" safely.  Although a Home Depot manager did indicate that "training" could prevent future incidents, that does not raise a genuine dispute over whether Home Depot met its duty to train Molina.  The district court therefore properly granted summary judgment on the inadequate training claim.

\*          \*          \*

For the above reasons, we **AFFIRM** summary judgment for Molina's claims on inadequate assistance and training and **VACATE** and **REMAND** the grant of summary judgment on Molina's claim for inadequate equipment.