# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2022

Lyle W. Cayce
Clerk

No. 21-40365

Nicholas Fugedi, *in his capacity as* Trustee Carb Pura Vida Trust,

*Plaintiff—Appellant*,

*versus*

Initram, Incorporated; RJL Realty, L.L.C.; Eternal Investments, L.L.C.; Bruce Robinson; Dale Pilgeram, et al

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-249

Before Richman, *Chief Judge*, and Clement and Engelhardt, *Circuit Judges*.

Per Curiam:*

Nicholas Fugedi, as trustee for the CARB PURA VIDA Trust (the trust), filed suit to quiet title to real property in Houston, Texas. Both parties

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

moved for summary judgment, and the district court granted Initram's motion. Because the court erred as a matter of law, we vacate and remand.

## I

The district court's characterization of this case is accurate: "[the] dispute is contentious and involves multiple parties. The [p]roperty [at issue] is burdened with many liens and has a convoluted history of conveyances. On top of that, there are salacious allegations of fraud and other skulduggery."[1] But despite the whirlwind of allegations and accusations, the claim on appeal is straightforward. Fugedi, as trustee for the trust, seeks to quiet title to property in Houston, Texas (the property) against the many named defendants (Initram).

Yale Development, LLC, executed and recorded a General Warranty Deed (the deed) in which it sold and conveyed the property to a grantee identified as the "CARB Pura Vida Trust." Although Fugedi is the trustee of the trust, he was not named in the deed. Little more than a week later, Fugedi filed this action to quiet title.[2] During the litigation and before summary judgment, Initram argued that the deed was invalid because it purported to convey directly to the trust, a nonentity under Texas law. To remedy this potential cloud on his title, Fugedi executed a corrected deed with Yale Development, and he entered that deed and an affidavit from the closer of the original deed into the record. The corrected deed lists as the grantee, "Nicholas Fugedi in his capacity as Trustee of the CARB Pura Vida Trust, a Michigan trust," and the affidavit clarifies that Fugedi was always

---

[1] *Fugedi v. United Rentals (N. Am.) Inc.*, No. 3:19-CV-00249, 2021 WL 1220032, at *1 (S.D. Tex. Mar. 31, 2021).

[2] Fugedi eventually amended the complaint to bring a trespass to try title claim as well as a claim for declaratory relief.

No. 21-40365

meant to take the property in his capacity as trustee and that it was a scrivener's error for the original deed to state otherwise.

Texas law allows for certain changes to be made under the deed correction statutes, Texas Property Code §§ 5.027-.030. Fugedi argued that the corrected deed made a nonmaterial change and that the affidavit satisfied the statute's requirements for making such a change. He contends that the correction merely clarified in what capacity the parties were acting,[3] and that because the change was nonmaterial, all the statute required was an affidavit from someone with personal knowledge, such as the closer of the original deed.[4] Fugedi also argued that because the trust is a Michigan trust, Michigan law should apply and that under Michigan law, trusts can hold property.

The district court disagreed. The court first decided that, as a matter of Texas law, (1) trusts are a relationship rather than a legal entity and are incapable of holding title to property; and (2) a deed must contain both a valid grantor and grantee in legal existence.[5] The court then concluded that, because the trust is not a legal entity, the original deed was void because it purported to convey property to a grantee that was not in legal existence.[6] The court then decided that the corrected deed purported to correct a material—rather than nonmaterial—change because it attempted to substitute grantees.[7] The court characterized this decision as "a close call,"

---

[3] *See* Tex. Prop. Code Ann. §§ 5.027-.030.

[4] *Id.* § 5.028.

[5] *Fugedi*, 2021 WL 1220032, at *3.

[6] *Id.*

[7] *Id.*

No. 21-40365

distinguishing the substitution of grantees from corrections to "the capacity of the grantor and grantee."[8]

Because the court decided that the correction was a material change, it decided that § 5.029 of the deed correction statute applied. As a result, the corrective instrument needed to be "executed by each party to the recorded original instrument of conveyance . . . or, if applicable, a party's heirs, successors, or assigns."[9] The court concluded that because the original conveyance was signed by the trust and did not identify a legally recognizable trustee, it was invalid[10] and "[n]o amount of correction instruments filed . . . will change that."[11] The court added that, even if the statute allowed this type of error to be corrected, "it is simply impossible to comply with § 5.029 because the alleged grantee [the trust] can't sign the correction instrument."[12]

The court then quickly disposed of the remaining arguments. It decided that Texas law likely applied because the property was located in Texas and, in the alternative, that Michigan law was the same as Texas law in that a trust could not hold title to property.[13] Because Fugedi could not

---

[8] *Id.* (citing inter alia *Pense v. Bennett*, No. 06-20-00030-CV, 2020 WL 5948801, at *5 n.9 (Tex. App.—Texarkana Oct. 8, 2020, no pet.); *AIC Mgmt. Co. v. AT&T Mobility LLC*, No. 01-16-00896-CV, 2018 WL 1189865, at *7 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, pet. denied)).

[9] *Id.* at *4 (quoting TEX. PROP. CODE ANN. § 5.029(b)).

[10] The court called the deed "invalid as a matter of law" in its memorandum and order but revised that to say "void" in the final judgment.

[11] *Fugedi*, 2021 WL 1220032, at *4.

[12] *Id.* (citing *AIC Mgmt.*, 2018 WL 1189865, at *9).

[13] *Id.* Fugedi's contention that Michigan law applies is incorrect. This is a dispute concerning conveyances and interests in real property located in Texas, so Texas law applies. *Colden v. Alexander*, 171 S.W.2d 328, 335 (Tex. 1943); *see also Pellow v. Cade*, 990 S.W.2d 307, 314 (Tex. App.—Texarkana 1999, no pet.) (holding that under Texas law,

prove title in his trespass to try title claim, the court held that his quiet title and declaratory relief claims failed.[14]  The court denied Fugedi's motion for summary judgment and granted Initram's cross-motion for summary judgment "to the extent that it requests [Fugedi] take nothing by this suit against Defendants, and Fugedi is adjudicated to possess no right, title, claim, or interest to the Property."[15]  Fugedi timely appealed.

Once in this court, Initram moved to dismiss, seeking damages and an antisuit injunction.  Initram argued that dismissal was appropriate "because the issues on appeal are no longer in controversy and [Fugedi] no longer has a legally cognizable interest in the outcome of the case" since new whistleblower evidence allegedly proved that the trust is a sham operated by Texas citizen Lloyd Kelley.

## II

We review a grant of summary judgment de novo.[16]  Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[17]  We view the evidence in the light most favorable to the nonmoving party.[18]  Vacatur and remand are appropriate if the district court misapplies a legal standard.[19]

---

"[q]uestions concerning title to real estate, the validity of conveyances, warranties, and foreclosures are determined by the law of the situs") (citing *Colden*, 171 S.W.2d at 335).

[14] *Fugedi*, 2021 WL 1220032, at *4.

[15] *Id.* at *5.

[16] *Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 168 (5th Cir. 2021).

[17] Fed. R. Civ. P. 56(a).

[18] *Molina*, 20 F.4th at 168-69.

[19] *See United States v. Bittner*, 19 F.4th 734, 748-49 (5th Cir. 2021), *cert. granted*, 142 S. Ct. 2833 (2022) (vacating and remanding when the district court construed a statute incorrectly).

No. 21-40365

When determining Texas law, this court looks first to "the final decisions of the . . . Supreme Court [of Texas]."[20]  If those decisions provide inadequate guidance, then this court can determine "how [the Supreme Court of Texas] would resolve the issue if presented with the same case."[21]

## A

The district court erred when it concluded that the deed was null and void.  The district court correctly concluded that a trust is a relationship, not a legal entity, and that a grantee must be in legal existence for a grant to be valid.[22]  But no Texas court has gone so far as to hold that all deeds naming a trust as a grantee are null and void or that the error is not correctable under the deed correction statute.  Indeed, there have been cases in which Texas courts have not voided a deed even when confronted with a trust holding property in its own name.[23]  At most, the deed was invalid.

### 1

However, it appears that the deed is valid under Texas law.  Texas courts have long recognized a certain amount of flexibility in naming the grantee, and Texas state court decisions indicate that courts would read the

---

[20] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

[21] *Id.*

[22] *See, e.g.*, *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (per curiam); *Parham Fam. Ltd. P'ship v. Morgan*, 434 S.W.3d 774, 787-88 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[23] *See Tanya L. McCabe Tr. v. Ranger Energy LLC*, 531 S.W.3d 783, 784, 798-800 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (holding that a defective correction instrument "did not divest the *Trusts* of their overriding royalty interests" without discussion of whether a deed in which a trust seemingly holds property is void) (emphasis added); *Transcon. Realty Invs., Inc. v. John T. Lupton Tr.*, 286 S.W.3d 635 (Tex. App.—Dallas 2009, no pet.) (not discussing whether the trust itself could hold property or whether it would be a void trust).

original deed to convey to Fugedi in his capacity as trustee rather than to the trust itself. "Every deed of conveyance must have a grantee. But it is a mistake to suppose that any mere formalities are necessary to its validity. . . . The grantee need not be *named*."[24] "If, from the whole instrument, a grantor and grantee can be *ascertained* . . . it is a deed which is legally effective as a conveyance."[25]

"[M]ere formalities are [not] necessary to [a deed's] validity," and Texas courts would have inferred that Fugedi was the grantee.[26] In *Vineyard v. O'Connor*,[27] for example, the Supreme Court of Texas inferred the identity of the grantee when none was listed.[28] That court would likely do the same here. The deed in this case does list a grantee, but the grantee is a nonentity incapable of holding property itself. As in *Vineyard*, this would seem not to satisfy the legal requirements for a conveyance. But Fugedi was the trustee at the time of the original deed and remains so today. As trustee, he was the only entity capable of holding property for the benefit of the trust. As in *Vineyard*, Texas courts may infer here that Fugedi was the party to be named as grantee. He is the obvious party that should have been named rather than the trust itself. Finally, the affidavit submitted as part of Fugedi's § 5.028

---

[24] *Vineyard v. O'Connor*, 36 S.W. 424, 425 (Tex. 1896) (emphasis added).

[25] *Harlan v. Vetter*, 732 S.W.2d 390, 392 (Tex. App—Eastland 1987, writ ref'd n.r.e.) (emphasis added).

[26] *Vineyard*, 36 S.W. at 425.

[27] 36 S.W. 424.

[28] *Id.* at 425.

correction clarifies that Fugedi was indeed supposed to be the original grantee.

Initram argues that *Vineyard* is inapposite because the deed at issue in *Vineyard* made references to the eventual grantee even though it did not explicitly name that individual as the grantee.[29] This distinction is unavailing because, as Texas law makes clear, Fugedi is the only individual who *could* take the property for the benefit of the trust.[30] The identity of the proper grantee can be ascertained from context just as in *Vineyard*.[31]

## B

Even assuming the Texas courts would not save the original deed by reading in Fugedi as grantee, Fugedi validly made a nonmaterial correction to the deed. The district court erred in concluding that the change was material.

Section 5.028 allows a party to a deed to make a nonmaterial correction to that deed so long as it submits an affidavit from someone with personal knowledge of the original deed explaining the correction.[32] The statute lists several different types of nonmaterial clarifications that a party can make under § 5.028.[33] Texas courts have recognized a clarification to the

---

[29] *Vineyard*, 36 S.W. at 425 ("It describes . . . Genereaux as being the party of the second part.").

[30] *See* TEX. PROP. CODE ANN. § 113.002 (outlining the broad general powers of trustees including any "that are necessary or appropriate to carry out the purposes of the trust"); *see also id.* §§ 113.001-.031.

[31] *See Harlan v. Vetter*, 732 S.W.2d 390, 392 (Tex. App—Eastland 1987, writ ref'd n.r.e.) ("If, from the whole instrument, a grantor and grantee can be *ascertained* . . . it is a deed which is legally effective as a conveyance.") (emphasis added).

[32] TEX. PROP. CODE ANN. § 5.028.

[33] *Id.*

capacity of one of the parties to the deed to be nonmaterial.[34]  The Supreme Court of Texas has even recognized that correction deeds *prior* to the enactment of the statutes could be used to correct the capacity in which the grantor conveys the land.[35]

In *Pense v. Bennett*,[36] a Texas appellate court explained that a correction affidavit that changed the description of the grantor from solely the guardian of an incapacitated person to reflect that the individual was also acting as trustee on behalf of the person's management trust was a nonmaterial change because it simply clarified in what capacity the grantor was conveying land.[37]  Similarly, in *Myrad*, the Supreme Court of Texas held that clarifications as to capacity are allowable corrections, even before the deed correction statute was passed.[38]

The district court concluded and Initram argued that the correction was material because it substituted a new grantee.  They relied on *AIC Management Co. v. AT&T Mobility, LLC*,[39] but the case is inapposite.  In *AIC*,

---

[34] *Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 750 (Tex. 2009) ("[A] correction deed may be used to correct a defective description of a grantor's capacity."); *see also Pense v. Bennett*, No. 06-20-00030-CV, 2020 WL 5948801, at \*5-6 n.9-10 (Tex. App.—Texarkana Oct. 8, 2020, no pet.) (holding that affidavits of correction that "corrected the capacity of the grantor and grantee" were nonmaterial changes made in accordance with § 5.028).

[35] *Myrad*, 300 S.W.3d at 750 (citing *Humble Oil & Refin. Co. v. Mullican*, 192 S.W.2d 770, 771-72 (Tex. 1946)).

[36] No. 06-20-00030-CV, 2020 WL 5948801.

[37] *Id.* at \*5.

[38] *Myrad*, 300 S.W.3d at 750.

[39] No. 01-16-00896-CV, 2018 WL 1189865 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

the original deed listed Aldine ISD as the grantee.[40]  Several years later, the grantor executed a correction affidavit listing AIC as the new grantee in place of Aldine ISD.[41]  Because the correction affidavit substituted an entirely new party as grantee, the court decided that the change was material and needed to comply with § 5.029.[42]  Unlike in *AIC*, Fugedi has always been part of the transaction because he is the trustee for the trust.  It was Fugedi who signed the original deed and corrected deed, and the property is still held in trust.  All the corrected deed does is clarify in what capacity Fugedi was acting.  He is not a new third party to the transaction like AIC was.[43]

It is true that no Texas court has explicitly held that § 5.028 applies in a situation exactly like this one, but the only difference here is that the change in capacity is from that of the trust itself to that of trustee rather than a change in guardianship or the addition of a trustee capacity.  Unlike these changes that Texas courts have explicitly approved, the change in this case involves an original grantee that is technically incapable of holding property.  But there is little daylight between this type of change and the standard clarification to capacity usually allowed under the statute.  Further, Texas courts have long recognized flexibility about technical naming requirements, as in *Vineyard* in which the Supreme Court of Texas inferred a grantee to save the grant.

No Texas court has gone so far as to declare all deeds that convey to trusts void.  In fact, Texas courts are likely to have given the grant a reading that would have saved it, treating Fugedi as the grantee even though he was

---

[40] *Id.* at *2.

[41] *Id.*

[42] *Id.* at *8.

[43] We need not and will not consider whether Fugedi would be a proper party to a material change under § 5.029.

not named.  Even if the Texas courts did not, the deed correction statute is broad and allowed Fugedi to file his affidavit clarifying the capacity in which he acted—a nonmaterial change.  The district court erred in holding otherwise.

## III

Initram argues, in the alternative, that we should affirm because it validly foreclosed on the property prior to the conveyance.  Initram also moved this court to dismiss the appeal in light of new evidence purporting to establish the trust as a sham concocted by Texas individuals, thereby destroying diversity jurisdiction.  The district court did not address the foreclosure argument in its order, and the district court never had the opportunity to review this new evidence of fraud presented for the first time to this court.

Because the district court erred as a matter of law in declaring the deed void and the change material, vacatur and remand are appropriate. [44]  We need not reach the parties' additional arguments concerning foreclosure.  Further, we generally do not consider new evidence on appeal.[45]  We decline to do so now with regard to Initram's evidence of fraud.  To the extent that diversity jurisdiction is in question, remand is the appropriate remedy when "our jurisdiction remains unclear, 'but there is some reason to believe that jurisdiction exists.'"[46]

---

[44] *See United States v. Bittner*, 19 F.4th 734, 748-49 (5th Cir. 2021), *cert. granted*, 142 S. Ct. 2833 (2022) (vacating and remanding when the district court construed a statute incorrectly).

[45] *See MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019).

[46] *Id.* at 316 (quoting *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (per curiam)).

No. 21-40365

\*     \*     \*

Accordingly, we VACATE the district court's order and REMAND for further proceedings not inconsistent with this opinion.  We DENY all outstanding motions.