United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 06-20429
Summary Calendar

DONALD R SHEPHERD,

Plaintiff - Appellant,

versus

GULF COAST COMMUNITY SERVICES; CHUBB GROUP OF INSURANCE
COMPANIES,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(4:05-CV-4330)
_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Donald R. Shepherd challenges an adverse summary judgment. He does so only on procedural grounds.

Shepherd, a black male, was hired by the Gulf Coast Community Services Association (Gulf Coast) in March 1998. Gulf Coast is a non-profit organization which provides community service programs to low-income and disadvantaged families in Harris County, Texas.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Soon after he was hired, Shepherd was promoted to Finance Director and served in this capacity throughout his tenure at Gulf Coast. Because of Gulf Coast's non-profit status, Shepherd's responsibilities included ensuring compliance with various federal regulations.

In December 2003, Dr. Jonita Solomon, a black female, became the Executive Director of Gulf Coast. In March 2004, Solomon terminated Shepherd.

Pursuant to Gulf Coast's internal grievance procedures, Shepherd appealed his termination, contending that, because a majority of his salary came through a Head Start grant, only Gulf Coast's Head Start Policy Council (Policy Council) had the authority to approve his termination. The Policy Council "disapprove[d]" Solomon's termination recommendation. Gulf Coast's Board of Directors, however, affirmed Solomon's decision. In June 2004, Shepherd's was placed on paid administrative leave while a neutral arbitrator was engaged to resolve the dispute. On 19 January 2005, Shepherd's termination was approved by the Policy Council and Gulf Coast's Board of Directors; Shepherd was notified on 31 January.

Shepherd filed a complaint with the Equal Employment Opportunity Commission (EEOC) on 5 April 2005, claiming he was terminated because of: his "refus[al] to violate federal laws, regulations, and polices and procedures"; and his race. In

2

September 2005, the EEOC dismissed his claim and provided Shepherd a "right to sue" letter.

Shepherd filed this action claiming, *inter alia*: termination on account of race and exposure to a hostile work environment, in violation of 42 U.S.C. § 2000e-2(a); retaliatory discharge, in violation of the "whistleblower" protection provision of the False Claims Act, 31 U.S.C. § 3730(h), for refusing to approve fraudulent transactions in violation of federal law; and, under state law, intentional infliction of emotional distress.

In April 2006, the district court held a pre-trial conference. The court's order setting the conference noted the court could rule on motions "pending or made at the conference". In addition, the court's internal procedures, referenced in the order and available online, stated: "At every pretrial conference, counsel must be prepared to address the facts and law, all pending and anticipated motions, jurisdictional and procedural matters, narrowing substantive issues, and stipulations. The court will dismiss claims and defenses with no realistic, articulable factual or legal basis".

At the pretrial conference, the court questioned Shepherd's counsel extensively with regard to each claim. Shepherd's counsel failed to properly articulate the basis of any of them, at one point even telling the court Shepherd "never alleged race". The district court then advised Shepherd's counsel that he was

considering taking Gulf Coast's oral summary-judgment motion and asked whether he had any objections. (Gulf Coast had *not* moved for summary judgment, however.) Shepherd's counsel said he did *not*. The court then *sua sponte* granted summary judgment for Gulf Coast. Again, Shepherd's counsel did *not* object. (In addition, the court subsequently granted attorney's fees against Shepherd and his counsel, who is also counsel on appeal.)

Shepherd contests *only* the summary-judgment procedures followed by the court. Shepherd first claims that, under Federal Rule of Civil Procedure 56(c), a summary-judgment motion may be initiated only by a party. As this court has noted previously, however, "it is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment". *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000) (internal citations and quotations omitted).

Shepherd next contends that, even if the *sua sponte* motion was proper, the district court erred by not giving the requisite ten-day notice. The failure to do so is generally reviewed for harmless error. *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 527 (5th Cir. 1998). Error may be harmless where either the "nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact".

4

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1398 (5th Cir. 1990) (internal quotations and citations omitted). But, because Shepherd did *not* object to this lack of notice or challenge the "procedural propriety of the summary judgment ruling" and does so now for the first time on appeal, we review only for *plain* error. **Love**, 230 F.3d at 771. (Arguably, because Shepherd's counsel stated he had no objections, any claimed error was invited.)

We find none. Shepherd does not state how he was prejudiced by the lack of notice or what evidence he would have produced to create a material fact issue. *Cf.* **Exxon Corp. v. St. Paul Fire & Marine Ins. Co.**, 129 F.3d 781, 787 (5th Cir. 1997) ("The fact that St. Paul did not object to the district court's [*sua sponte* summary judgment grant] or request a new trial or rehearing ... indicates that St. Paul had no further evidence to present or argument to make regarding any material dispute of fact").

Shepherd does claim that, given the opportunity for discovery he would have uncovered more evidence in support of his claims. "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion Rule 56(f) is his remedy." **Washington v. Allstate Ins. Co.**, 901 F.2d 1281, 1285 (5th Cir. 1990) (internal citation omitted). Shepherd was given the opportunity to present this contention to the district court but he neglected to do so.

Even now, he does *not* articulate what evidence in support of his claim would be found with additional discovery. *See id.* (Rule 56 "may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact") (internal citations and quotations omitted).

                                                                    ***AFFIRMED***